[S. F. No. 523.   Department One.—January 20, 1898.]

ASA FISK, Respondent, *v.* E. J. CASEY, Administrator, etc.,
Appellant.

FORECLOSURE OF MORTGAGE—CONVEYANCE—DEFENSE—CLAIM OF OWNERSHIP
BY MORTGAGEE—REFUSAL TO ACCEPT OFFER OF PAYMENT—BURDEN OF
PROOF—FINDING—CONFLICT OF EVIDENCE.—In an action to foreclose a
mortgage, made in the form of a conveyance to secure a note of the
defendant, where the defendant pleaded as a defense that after the
maturity of the note he applied to the plaintiff to ascertain the
amount due thereon, for the purpose of paying the same, and having
the property discharged from the lien of the mortgage, and that
upon such application the plaintiff claimed to be the owner of the
property, and refused to entertain any offer from the defendant to
pay off and discharge the mortgage, the burden is upon the defend-
ant to establish such defense to the satisfaction of the court by a
preponderance of evidence, and where the evidence is conflicting as
to what occurred between the parties, and the court finds that the
plaintiff did not make the claim and refusal alleged, a judgment for
the plaintiff will not be disturbed upon appeal.

ID.—ARGUMENTATIVE PLEADING—OFFER OF PAYMENT.—The answer should
not allege an offer of payment argumentatively by a mere allegation
of refusal, but it is incumbent on the defendant, if he would claim
that the plaintiff was not entitled to interest after such offer and re-
fusal, to allege such defense with definiteness, and to prove that
it is well founded.

ID.—FINDING NOT CONTROLLED BY ORAL DECLARATION OF JUDGE—AFFIDAVITS
NOT PERMISSIBLE TO IMPEACH FINDING.—The finding of the court that
plaintiff did not claim to be the owner of the property, and did not
refuse to entertain any offer from the defendant to pay off and dis-
charge the mortgage, is not controlled by an oral declaration of the
judge, made at the time of announcing the decision for the plaintiff,
that he believed the testimony of defendant's witnesses concerning
the interview; nor can the finding of the court be impeached by
affidavits of what occurred when the decision was announced.

ID.—AMENDMENT OF ANSWER—INSUFFICIENT DEFENSE—PAROL AGREEMENT TO
PAY TAXES ON MORTGAGE—EVIDENCE—VARIANCE OF WRITTEN AGREEMENT
FOR INTEREST.—The court may properly refuse to allow an amendment
to the answer which sets forth an insufficient defense, by alleging
that at the time when the promissory note was made, which was
secured by the conveyance of the defendant's land to the plaintiff,
it was orally agreed between them that defendant should pay all
taxes assessed on the land, including the taxes on the mortgage, the
object of evidence of such parol agreement being to vary and de-
stroy the written agreement for interest contained in the note, which
could not be varied by proof of the averment of such parol agree-
ment; and it is immaterial that the mortgage existed by virtue of a
parol agreement that the deed should be given as security for the
debt.

ID.—EVIDENCE—WILLINGNESS TO PAY NOTE.—The court properly refused to allow the defendant to testify that he was willing to pay the note or that he communicated such willingness to the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Charles W. Slack, Judge.

The facts are stated in the opinion of the court, and in its opinion rendered upon the former appeal, reported in 36 Pac. Rep. 668.

T. Z. Blakeman, and Benjamin Healey, for Appellant.

Daniel Titus, for Respondent.

HARRISON, J.—Action for the foreclosure of a mortgage. The facts are stated in the opinion rendered upon a former appeal. (*Fisk v. Casey*, 36 Pac. Rep. 668.) To a complaint in the usual form, the defendant alleges that after the maturity of the note he applied to the plaintiff to ascertain the amount due thereon for the purpose of paying the same and, having the property discharged from the lien of the mortgage, and that upon such application the plaintiff "claimed to be the owner of the property, and refused to entertain any offer from the defendant to pay off and discharge said mortgage." The court found against the portion of the averment thus quoted, and rendered judgment in favor of the plaintiff.

The defense thus pleaded was an affirmative one on the part of the defendant, to be established to the satisfaction of the court by a preponderance of evidence, but the testimony of what occurred at the interview between the plaintiff and defendant, which was offered upon this issue, was conflicting, and the finding upon this conflict of evidence must be accepted as conclusive. It must be also noted that the defendant does not allege that he made any offer of payment, except argumentatively, and whether such offer was made is only to be inferred from his averment that the plaintiff "refused to entertain" an offer. It was incumbent upon him, if he would claim that the plaintiff was not entitled to interest upon the note or to a foreclosure of the mortgage, not only to plead such defense with definiteness, but also to introduce evidence that would fully satisfy the court

that his defense was well founded. The claim that an offer of payment was excused by the plaintiff's claim to be the owner of the property, and his refusal to entertain such offer, is answered by the finding that the plaintiff did not make such claim or refusal.

The finding of the court is not impaired by showing that at the time the judge announced his decision he stated, in answer to an inquiry by the attorney for the defendant in reference to the conflict of testimony, that he believed the testimony of defendant's witnesses concerning the interview. No particular portion of this interview was called to his attention, and the decision itself would indicate that he did not entirely disregard the testimony of the plaintiff. The court, moreover, was not concluded by such statement from subsequently making a finding contrary thereto, nor can its finding be impeached by affidavits of what occurred at the time the decision was announced.

The defendant also assigns as error the refusal of the court to allow him to amend his answer by alleging as a separate defense that at the time the promissory note was made it was verbally agreed between the plaintiff and the maker that the maker should pay all taxes thereafter to be assessed upon the land, including the taxes upon the mortgage. The court did not err in refusing to allow this amendment, inasmuch as proof of this fact would have constituted no defense to the action. The promissory note was a written agreement to pay interest, which, under the authority of *Daw v. Niles,* 104 Cal. 106, could not be varied by the proof of this averment. It is immaterial whether the mortgage existed by virtue of a written instrument or by a parol agreement that the deed should be given as security for the debt. The object of introducing such parol evidence was to destroy the written agreement to pay interest, which is contained in the note.

The court properly refused to allow the defendant to testify that he was "willing" to pay the note, or that he communicated his willingness to the plaintiff.

Judgment and order are affirmed.

Van Fleet, J., and Beatty, C. J., concurred.

Hearing in Bank denied