BUCHSBAUM v. FELDMAN et al.

(Supreme Court, Appellate Term. February 23, 1904.)

1. NEW TRIAL—TIME FOR MOTION—MUNICIPAL COURT ACT.

Under Municipal Court Act, § 254 (Laws N. Y. 1902, p. 1563, c. 580), authorizing a motion for new trial, "provided said motion is made at the close of the trial or within five days from the time the judgment is rendered, and, in the latter case at least two days' notice of motion is given," where the motion is not made at the close of the trial not only must there be two days' notice of the motion, but the motion must be made within the five days.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by David Buchsbaum against Nathan Feldman and another. From an order setting aside a judgment and granting a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Shapiro & Shapiro, for appellants.
Bernard Alexander, for respondent.

FREEDMAN, P. J. This action was tried on October 29, 1903, and resulted in a judgment dismissing the complaint. On November 4, 1903, the preceding day being a holiday, a notice of motion was served upon defendants' attorney by the plaintiff's attorney, returnable on November 6th, eight days after judgment was rendered, for an order to vacate and set aside said judgment and to grant a new trial. The only paper served was the notice of motion, which states "that, upon the minutes, case, and exceptions, * * * the undersigned

will move the court * * * for a new trial of the above-entitled action, and for an order directing that the dismissal had on the 29th day of October, 1903, be vacated, set aside, and that the cause be restored to the calendar." This motion was granted, and from the order granting the same this appeal is taken.

Under section 257 of the Municipal Court act (Laws N. Y. 1902, p. 1563, c. 580), such an order is appealable. Section 254 of that act provides that such a motion may be made "upon exceptions taken at the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law, provided said motion is made at the close of the trial or within five days from the time the judgment is rendered, and in the latter case at least two days' notice of motion is given." The moving papers in this case do not specify any grounds for granting the relief sought, nor was the motion made within the five days. It is clear that the section contemplates that the motion must be made promptly. If made at the close of the trial, no notice is needed, for all parties are presumably there present, and can be heard. If it is desired to be made thereafter, it must be made within the five days prescribed, and two days' notice thereof must be given. Had the Legislature intended that the notice of motion might be given within the five days, the clause, "in the latter case [that is, if not made at the close of the trial] * * * two days' notice" must be given, would not have been inserted, because, unless it was the intent of the Legislature to limit the time to five days within which such motion must be made, there would be no good reason for shortening the time of eight days' notice of motion to but two days. A notice of motion is distinct from the motion itself. Giving a notice is a mere warning that an order will be applied for, and it is clear that the intent of the act was that, from parties having ground for the relief contemplated in section 254, promptness in having their motion made, and not promptness in giving such notice, is required. If the plaintiff was only required to give his notice within 5 days, he could make it returnable in 30 or 90 days; and while, possibly, a judgment creditor might move for an order shortening such time, he is without redress by appeal from an order denying his motion, should one be made, as the Municipal Court act contains no provision for an appeal from such an order. Under the circumstances disclosed by the record herein, the court had no jurisdiction to grant the order appealed from, and it must be reversed.

Order reversed, with costs. All concur.