### RYAN et al. v. BROWN.

#### (Supreme Court, Appellate Term. June 28, 1906.)

1. COURTS—MUNICIPAL COURT—JURISDICTION—JUDGMENT—VACATION.
   The only power conferred on a Municipal Court justice to vacate, modify, or amend any judgment rendered by him is given by Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254.

2. SAME—CORRECTION OF JUDGMENT.
   A motion to "correct" a judgment rendered by a Municipal Court justice is a motion to amend or modify the same, within Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254.

3. SAME—TIME.
   A motion to "correct" a Municipal Court judgment dismissing a complaint by the rendition of a judgment for plaintiff, for an amount admitted to be due, if proper in any event, must be made within five days, as provided by Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by James F. Ryan and another against George Brown. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Isaac Josephson, for appellant.

PER CURIAM. This case was tried and judgment rendered on January 16, 1906, dismissing the complaint, with costs. On January

25, 1906, a motion was made to "correct" the judgment. This motion came on to be heard on January 29th, and an order was entered which provided:

"That the judgment of dismissal rendered herein on the 16th day of January, 1906, in favor of defendant and against the plaintiffs, be, and the same hereby is, corrected by giving and rendering a judgment for the plaintiffs against the defendant for the sum of $17.40, with interest amounting to 87 cents, amounting, in all, to $18.27, as conceded due by the defendant on the trial hereof, as appears by the stenographer's minutes."

The only power given a justice of the Municipal Court to "vacate, amend, or modify any judgment" rendered by him is conferred by section 254 of the Municipal Court Act (Laws 1902, p. 1563, c. 580). A motion to "correct" a judgment is simply another way of asking for an amendment or modification of a judgment. Even if a trial justice can, under the guise of a modification of a judgment, entirely change it from being in favor of a party to one against him, the motion for such purpose must be made within the statutory time (five days), which was not done in this case. Buchsbaum v. Feldman, 43 Misc. Rep. 85, 86 N. Y. Supp. 747; Lissner v. Dochtermann (Sup.) 97 N. Y. Supp. 231.

The order is reversed, with costs.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.