The Ashaway National Bank *vs.* the Superior Court.

JUNE 24, 1907.

Present: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Docket Entry of Decision.  Power of Court to Vacate.*

In a probate appeal heard by the Superior Court without a jury, decision . was rendered for the appellant, and the clerk, by direction of the justice, made the following entry: "Nov. 19th, 1906. Heard, and, decision for appellant. Exceptions."

November 22 appellee gave notice of intention to prosecute a bill of exceptions, and December 8th was fixed by the court for filing said bill. December 3d the bill was filed. No action was taken within the statutory

period, either by the justice or appellee thereafter, but February 12, 1907, the justice caused the following entry to be made by the clerk: "That the appellee was guilty of unfaithful administration as stated in said complaint.—Appellee's exception noted. Decision as of February 12, 1907, and docket entry of November 19, 1906, vacated":—

*Held,* that, under the provisions of court and practice act, section 303, providing for record proof of a decision, there was full and complete record evidence of the decision of the court by the docket entry of November 19, 1906, and the attempt to vacate it by the entry of February 12, 1907, was void, section 428 of court and practice act having no application to the case.

CERTIORARI. Heard, and prayer for writ granted.

DUBOIS, J. This is a petition for a writ of *certiorari,* based upon three alleged errors of the Superior Court.

It appears that the petitioner had a claim against the estate of Daniel A. Taylor, deceased, which it duly presented to George H. Utter, administrator of the estate of said decedent, and the claim was allowed by him; that said administrator neglected to represent said estate as insolvent within the time provided by law, and also refused to pay said claim according to law, whereupon the petitioner filed its petition in the Probate Court, praying that the administrator might be adjudged guilty of unfaithful administration, and after due notice and a full hearing, the Probate Court, in effect, decreed that the administrator had shown good reason why he should not be adjudged guilty of unfaithful administration, and accordingly he was found not guilty thereof. From this decree the petitioner duly appealed, and the cause was heard on the nineteenth day of November, 1906, by the Superior Court, without a jury, by agreement of the parties, and decision was then and there rendered for the appellant, and the clerk of the Superior Court for Washington county, by direction of the justice, made the following entry: "Nov. 19th, 1906. Heard and decision for Appellant. Exceptions." That on the 22d day of the same November George H. Utter duly filed in the office of the clerk of the Superior Court notice of his intention to prosecute a bill of exceptions to the Supreme Court, to-

gether with a written request to the court stenographer for a transcript of the testimony and trial, and deposited with the clerk the estimated fee for said transcription, and the justice of the Superior Court fixed in writing the 28th day of said November as the time on or before which the transcript should be delivered by the stenographer to said Utter or his attorney, and December 8th, 1906, as the day on or before which the bill of exceptions and transcript of testimony and trial should be filed in the clerk's office. That on said November 28th the said justice granted a further extension to said stenographer for the delivery of the transcript to the appellee, until the thirtieth day of November, 1906, upon which day the stenographer duly delivered the transcript. That on the third day of said December the bill of exceptions and transcript aforesaid were duly filed by the appellee, and notice thereof was served upon the appellant, and on December 6th, 1906, the clerk of the Superior Court duly transmitted the bill of exceptions and transcript aforesaid to the said justice of the Superior Court. That no hearing was had upon the allowance of the bill of exceptions, and said justice of the Superior Court, for a period of more than twenty days after the filing of the bill of exceptions, failed to act upon the same or the transcript of the evidence; and that George H. Utter, within thirty days after the filing of the bill of exceptions, failed to take any steps to establish the truth of said exceptions in this court. That on the twelfth day of February, 1907, the said justice of the Superior Court, without any further hearing in the matter, and in the absence of the parties and their attorneys, caused the following entry to be made by the clerk of the Superior Court:

"That the appellee was guilty of unfaithful administration as stated in said complaint.—Appellee's exception noted.

"That the appellee honestly and reasonably did believe said estate to be solvent within the whole of said period of thirty days.—Appellant's exception noted.

"Decision as of February 12th, 1907, and docket entry of November 19th, 1906, vacated."

That after the twelfth day of said February said George

H. Utter gave notice of his intention to prosecute a bill of exceptions to the decision of the Superior Court of that date and took all the prescribed steps to bring the same before the Supreme Court as if no former proceedings had been had therein.

The following are the causes of error assigned by the petitioner:

1st. The rendition of a decision by the Superior Court on February 12th, 1907, was erroneous, null and void.

2d. The vacating, or attempt to vacate, on February 12th, 1907, of the decision of November 19, 1906, was illegal and erroneous, null and void.

3d. The allowance of the transcript and bill of exceptions after said February 12th, 1907, and all transactions and proceedings thereon, were illegal and erroneous, null and void.

(1) This raises the question—Did the justice of the Superior Court decide the cause on November 19th, 1906, and if so, what authority did he have to redecide it on the twelfth day of February, 1907, and to vacate the docket entry of the first mentioned day? By the provisions of the court and practice act, section 303: "In every case tried by the district court, or by the superior court without the intervention of a jury, the court deciding the same shall briefly note its conclusions of law and fact on its docket, or file the same with the papers in the case, and such record shall be known as a decision." This statute provides for a record proof of a decision. The record may consist of a docket entry or may be contained in a rescript. There is record evidence of the decision of the Superior Court. There is the docket entry: "November 19th, 1906. Heard and decision for appellant. Exceptions." This is a brief note of the conclusions of law and fact. It is also full and complete. The only question before the court was whether the petition of the appellant, that the appellee might be adjudged guilty of unfaithful administration, should be granted or denied, and the court found in favor of the appellant, and saved the rights of the appellee by minuting "Exceptions" in his favor. There

can be no valid claim that this was not a docket entry, because the court itself in its later entry of February 12, 1907, in terms treats it as such and attempts to vacate the same. No satisfactory reason has been given for the decision of February 12th, 1907. The words, "That the appellee was guilty of unfaithful administration as stated in said complaint. Appellee's exception noted." mean no more than the words of the decision of November 19th, 1906, hereinbefore set out; while the additional words which merely attempt to soften the technical asperity of the decision mean nothing at all. While it is true that under the provisions of the court and practice act, section 428: "In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order," it is also true that this section has no applicability to the question before us. This was neither the case of a judgment by default nor one entered by mistake, nor was it a decree in equity. We find no statutory authority for the position that cases may be held for advisement after decision therein has been recorded, or that cases may be redecided from time to time at the option of the court. One of the effects of such a practice would be to extend the time for filing and prosecuting exceptions. To permit this to be done would be to nullify the statutes relating to exceptions and the procedure thereunder. Such a result is not to be tolerated. Nothing that has been stated is intended to affect the right of the court to amend its record at any time to conform to the truth. If the court had found it necessary to amend its record in the interest of truth, no objection could rightfully have been made, but repetition and amplification were unnecessary in the case, but if deemed to have been necessary they should have been entered as of the day of first decision.

We are satisfied that the prayer of the decision should be granted. Let writ of *certiorari* issue accordingly.

*Albert B. Crafts,* for petitioner.

*Comstock & Canning & Patrick P. Curran,* for George H. Utter, administrator, etc.