## HOGAN v. HYDE.

### (Supreme Court, Appellate Term.  June 21, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—VACATION—MOTION—FILING—TIME.

Municipal Court Act (Laws 1902, c. 580) §§ 254, 255, providing that a motion to set aside a Municipal Court judgment shall be made within five days after judgment on two days' notice, require that the motion be made within five days, so that where a Municipal Court judgment was rendered March 4, 1912, and defendant served a notice of motion to vacate on March 9th, returnable on March 12th, it was too late.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Katherine Hogan against Charles H. Hyde.  From a Municipal Court order setting aside a judgment in favor of plaintiff, she appeals.  Reversed, and judgment reinstated.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Morris Jacobs, of New York City, for appellant.
Clarence B. Campbell, of New York City, for respondent.

SEABURY, J.  This action was tried on February 26, 1912, and on the 4th day of March following the court rendered judgment in favor of the plaintiff.  On March 9th the defendant served a notice of motion, returnable on March 12th, to vacate and set aside the judgment, upon the grounds specified in sections 254 and 255 of the Municipal Court Act.  The motion was heard on March 12th, and was subsequently decided in favor of the defendant.  From the order entered upon that motion the plaintiff appeals to this court.

The sections of the Municipal Court Act referred to contemplate that the motion can only be made at the close of the trial, or "within five days from the time the judgment was rendered."  In the present case no motion was made at the close of the case.  While the notice of motion was served within five days from the time the judgment was rendered, the motion itself was not made within that time.  In Buchsbaum v. Feldman, 43 Misc. Rep. 85, 86 N. Y. Supp. 747, the court said:

"Had the Legislature intended that the *notice of motion* might be given within five days, the clause 'in the latter case (that is, if not made at the close of the trial) two days' notice must be given' would not have been inserted, because, unless it was the intention of the Legislature to limit the time to five days within which such motion must be *made*, there would be no good reason for shortening the time of eight days' notice of motion to but two days.  A notice of motion is distinct from the motion itself.  Giving a notice is a mere warning that an order will be applied for, and it is clear that the intent of the act was that, from parties having ground for the relief contemplated in section 254, promptness in having the motion made, and not promptness in giving such notice, is required."

See, also, Ryan v. Brown, 51 Misc. Rep. 67, 90 N. Y. Supp. 868, and Appelbaum v. Bonagur, 56 Misc. Rep. 615, 107 N. Y. Supp. 635. The motion not having been made within the time required by law, it follows that the court below was without power to entertain and decide it.

Order reversed, and judgment reinstated, with costs. All concur.