[Civ. No. 2603. Fourth Appellate District.—March 13, 1941.]

RUFUS A. PHILLIPS, Appellant, v. ANNIE E. HOOPER et al., Respondents.

Clyde E. Cate for Appellant.

Dearing & Jertberg and B. M. Benson for Respondents.

KLETTE, J., *pro tem.*—This action involves a disputed boundary line between lot 54 of Roeding's Villa Colony, and lots 1, 2, and 17 of McCoon's Boulevard Acres, in Fresno County. The complaint of plaintiff and appellant, is in two counts, the first seeking to quiet title to lot 54 of Roeding's Villa Colony, and the second alleging that defendants and respondents had encroached upon said property with buildings, outbuildings, fences, and curbs, to the extent of fourteen feet, and prayed for a decree quieting title, and for a writ of restitution.

The evidence shows that Roeding's Villa Colony was platted in 1902; that lot 53 thereof, which lies directly north of lot 54, was resubdivided into McCoon's Boulevard Acres, in 1913; that a resurvey map of McCoon's Boulevard Acres was filed and recorded in 1935; that prior to 1906 or 1907, lot 53 had been planted to olive and orange trees; that about 1907, lot 53 was purchased by Rose Miller, who erected a house thereon, which extended two to two and one-half feet onto the land in dispute; that this building remained in this position until after defendants and respondents acquired lots 1, 2 and 17, in 1935 and 1936, after which it was moved by them to another position on the property; that about May, 1936, defendants and respondents constructed a row of brick cabins,

used as auto courts, adjacent to the south line of this property; that lot 54 had remained unimproved until it was acquired by plaintiff in 1938, after which valuable improvements were placed thereon. It was stipulated that plaintiff and his predecessors in interest had at all times paid the tax on lot 54, of Roeding's Villa Colony, and that defendants and their predecessors in interest had, at all times since the subdivision of McCoon's Boulevard Acres in 1913, paid the tax on lots 1, 2, and 17, of said tract.

The evidence as to the boundary lines between the two properties was highly conflicting. Counsel, and all witnesses, agreed upon a common starting point, the northwest corner of said lot 54, and the southeast corner of said lot 17. But when they came to the east end of the line, they were approximately fourteen feet apart. Two civil engineers fixed the corner at the east end of the dividing line approximately fourteen feet north of the point, which the court found to be the dividing line of the property. One civil engineer, and one property owner, who lived in the tract, and who had aided in the survey, fixed the line, as found by the court.

The court found that plaintiff was the owner of lot 54 of Roeding's Villa Colony, and that the defendants were the owners of lots 1, 2, and 17, of McCoon's Boulevard Acres; that the true line of division between the properties of the parties, was between a certain concrete curb, running easterly and westerly, and the buildings and improvements of defendants; and that the buildings and improvements of defendants are located on said lot 1, and do not encroach upon the lands of plaintiff. Judgment was entered accordingly. From this judgment plaintiff has appealed, as well as from the order denying him a new trial.

■ An order denying a motion for a new trial is not an appealable order. (*Hill* v. *Fricke*, 5 Cal. (2d) 320 [54 Pac. (2d) 460]; *Roberts* v. *Brae*, 5 Cal. (2d) 356 [54 Pac. (2d) 698].)

■ There being a sharp conflict in the evidence as to the true location of the boundary line between the two properties, the findings of the court, in this particular, cannot be disturbed. (*Thom* v. *Stewart*, 162 Cal. 413 [122 Pac. 1069]; *Wood* v. *Lehne*, 30 Cal. App. (2d) 222 [85 Pac. (2d) 910]; *Woods* v. *Cook*, 14 Cal. App. (2d) 560 [58 Pac. (2d) 965].)

■ Appellant complains that the court did not find on the issue as to whether respondents' buildings encroached upon appellant's property. We believe this is fully covered by the finding of the court as follows: "and the said improvements, structures and cabins erected by the defendants upon lot one (1) of McCoon's Boulevard Acres do not encroach upon lot fifty-four (54) of Roeding Villa Colony".

■ Appellant further contends that the statements made by the trial court, during the trial, indicate that the court had an erroneous theory of the case, and based its judgment on this erroneous theory. It has been held that the findings of fact must be taken as embodying the conclusions of the trial court on all questions of fact submitted to it for decision. (*Goldner* v. *Spencer,* 163 Cal. 317 [125 Pac. 347].) And no antecedent expressions of the judge can in any way restrict his absolute power to declare his final conclusion, in the only manner authorized by law, to wit, by filing his "decision" (findings of fact and conclusions of law), provided in sections 632 and 633 of the Code of Civil Procedure. (*Scholle* v. *Finnell,* 173 Cal. 372 [159 Pac. 1179]; *Fisk* v. *Casey,* 119 Cal. 643 [51 Pac. 1077]; *Montecito Valley W. Co.* v. *Santa Barbara,* 144 Cal. 578 [77 Pac. 1113]; *Risinger* v. *Anderson,* 10 Cal. App. (2d) 455 [51 Pac. (2d) 1119].)

We find no errors in the record warranting a reversal of the judgment. The judgment appealed from is affirmed. The purported appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Marks, J., concurred.