[Civ. No. 12823. Second Dist., Div. Three. Apr. 29, 1942.]

ELIZABETH DELL, Appellant, v. ROLF HJORTH, Respondent.

Ben C. Cohen for Appellant.

Joe Crider, Jr., and Elber H. Tilson for Respondent.

SCHAUER, P. J.—In an action for damages for personal injuries sustained by plaintiff in a collision between her automobile and that of defendant, at a street intersection, the trial court found that both plaintiff and defendant were negligent and that the negligence of each contributed proximately to plaintiff's injury. ▮ This appeal attacks only the sufficiency of the evidence to sustain the finding that plaintiff was contributively negligent. Viewing all the evidence, such finding is not untenable.

While a reading of the record discloses evidence which on the printed pages before us seems to tend strongly to prove shockingly gross negligence on the part of defendant with relatively little to support an inference that plaintiff neglected any duty and thereby proximately contributed to the accident, we are bound to recognize that the trial court had the benefit of personal observation of the witnesses and that the appellate function is to consider not relative weight of conflicting evidence, but only legal sufficiency to support the challenged finding (*Lutz* v. *Merchants Nat. Bank*, (1918) 179 Cal. 401, 406 [177 Pac. 158]; *Smith* v. *Royer*, (1919) 181 Cal. 165, 172 [183 Pac. 660]; *Estate of Filippi*, (1935) 9 Cal. App. (2d) 407, 409 [49 P. (2d) 892]).

In this case the evidence, viewed from the standpoint most favorable to sustaining the judgment (*Feckenscher* v. *Gamble*, (1938) 12 Cal. (2d) 482, 492 [85 P. (2d) 885]; *Chronister* v. *Brennan*, (1938) 27 Cal. App. (2d) 509, 510 [81 P. (2d) 479]; *Bigelow* v. *City of Ontario*, (1940) 37 Cal. App. (2d) 198, 205 [99 P. (2d) 298]), legally warrants the conclusions of fact that defendant, traveling north on Kenmore Avenue, entered its intersection with Fifth Street at least as soon as plaintiff, who was driving east on Fifth, reached such intersection; that plaintiff's car was proceeding fully as fast as defendant's and that the front of plaintiff's machine struck near the center on the left side of defendant's vehicle.

Defendant testified that he had stopped completely at the corner of Sixth and Kenmore; that he turned and proceeded north on Kenmore at not more than thirty-five miles per hour; that when fifty to seventy feet back of the intersection of Fifth Street he looked to his left, could see approximately seventy feet west on Fifth and saw no moving vehicle; that he then looked to the right and ahead and did not see plaintiff's car until it struck his. Plaintiff testified that, when thirty feet back from the intersection and again when entering it, she saw the defendant's car approaching at high speed but that she shifted down to second gear and proceeded slowly, assuming that defendant would yield her the right of way.

The foregoing epitome of evidence favorable to defendant, when considered with the inferences which may be drawn therefrom, is legally sufficient to support the challenged finding. Neither the relative positions of the vehicles after the impact nor the testimony of other witnesses deprives such evi-

dence of its substantiality. ■ Defendant, if he entered the intersection either first or at the same time as plaintiff, had the right of way (§550, Veh. Code) and it was negligent of plaintiff not to accord him the privilege of clear passage.

Since we are bound by the afore-mentioned considerations to sustain the questioned finding, it is unnecessary for us to determine the legal effect of plaintiff's conduct on the hypothesis that she entered the intersection first. ■ The oral statement of the trial judge, referred to by appellant, can have no effect on the findings of fact which were signed and filed (*Fisk* v. *Casey*, (1898) 119 Cal. 643, 645 [51 Pac. 1077]; *Phillips* v. *Hooper*, (1941) 43 Cal. App. (2d) 467, 470 [111 P. (2d) 22]; see, also, *Rickards* v. *Noonan*, (1940) 40 Cal. App. (2d) 266, 273 [104 P. (2d) 839]).

The judgment is affirmed.

Shinn, J., and Wood (Parker) J., concurred.

A petition for a rehearing was denied May 29, 1942, and appellant's petition for a hearing by the Supreme Court was denied June 25, 1942.