**RICE v. SIMMONS.**

No. 499.

Municipal Court of Appeals for the
District of Columbia.

June 12, 1947.

Philip Shinberg, of Washington, D. C. (Leon M. Shinberg and Joseph Levin, both of Washington, D. C., on the brief), for appellant.

Cornelius H. Doherty, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff sued defendant, owner and operator of a used car sales business, for damage to plaintiff's taxicab. The damage resulted when the taxicab, which was legally parked near the corner of 11th and Monroe Streets, Northwest, was run into by an automobile owned by defendant and driven by one of his employees. It was admitted that the negligence of defendant's employee was the proximate cause of the collision, and the only dispute at the trial was the responsibility of the defendant for the negligence of his employee. The trial court, sitting without a jury, first made a general finding for plaintiff and assessed damages. This general finding was entered on the jacket of the case and also in the court's minutes and docket. Before judgment had been entered on the finding, defendant moved to set it aside and enter judgment for defendant. This motion was granted, and the case is here on appeal from a judgment for defendant.

We have concluded that the case must be disposed of on a question of procedure, but some consideration of the facts is necessary as a preliminary to reaching the procedural point.

Both parties rely upon the provisions of the District of Columbia Fnancial Responsibility Act[1] providing: "Whenever any motor vehicle * * * shall be operated * * * by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

The testimony here centered largely around the circumstances surrounding the use of defendant's automobile by his employee, Robinson. Defendant himself did not testify, but the manager of his business, located at 3001 14th Street, Northwest, stated that Robinson was employed as a porter and general handy man,. that at the time of the accident Robinson "had not been given permission" to operate the striking vehicle, that Robinson was allowed to sleep in the basement of defendant's garage, and that the keys and tags for automobiles were kept in a cabinet in such building; that the day before the accident the witness and Robinson drove another automobile belonging to defendant into Washington from Philadelphia; that Robinson dropped the witness off at the latter's home in Silver Spring, Maryland, and that the witness instructed Robinson to drive the automobile to defendant's place of business and park it on the lot there by 7 p.m.; that Robinson was supposed to put the keys and tags of the automobile in the cabinet where they belonged; that Robinson had access to such cabinet.

Called as a witness for plaintiff in rebuttal, a police officer who investigated the accident testified that it occurred about 5 a.m., that the striking vehicle left the scene after the accident but that its number was obtained, that later the same morning he went to defendant's place of business and found the door locked; that at about 9 a.m. the manager arrived and opened the door, and they found Robinson asleep on a cot in the basement; that Robinson told him in the manager's presence that the car involved in the collision was the same as the one brought from Philadelphia the previous evening, that he had taken the automobile to defendant's lot the same evening and had then gone to bed in the basement of the building, that early the following morning he had taken the keys and a set of tags from the cabinet in which they were kept, and thereupon had driven the

---

[1] Code 1940, § 40—403.

automobile until the collision occurred. Robinson, who did not testify at the trial, was arrested and charged with the unauthorized use of an automobile, but the Grand Jury ignored the charge.

■■ The law with respect to the Financial Responsibility Act and the status of the common law prior to the enactment of the statute has been developed in a series of decisions in the United States Court of Appeals for the District of Columbia and in this court.[2] These cases establish that the effect of the statute is simply to shift the burden of proof and to impose on the defendant-owner the affirmative duty of proving that the car at the time of the accident was not operated with his express or implied consent and that the presumption of consent continues until there is credible evidence to the contrary and ceases when there is uncontradicted proof that the automobile at the time of the accident was not being used with the owner's permission. If the presumption is overcome by uncontradicted proof, then a motion for a directed verdict for the defendant-owner will be granted. If, however, the evidence is contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the trier of the facts.

■ Applying these principles to the present case, we believe that the evidence did not compel a finding for either party as a matter of law, but instead presented a factual question for the determination of the trial court.

Since it is clear, therefore, that the question presented to the trial court was one of fact rather than one of law, the procedural question arises as to whether that court had the power to order entry of judgment for the defendant after having made a finding for plaintiff, which finding had been formally entered in the court's minutes and docket. While this point has not been raised specifically by plaintiff, nor argued by either party, we believe it is implicit in the appeal and hence requires decision by us.

Under the Congressional mandate[3] the rules of practice in the Municipal Court generally follow the Federal Rules of Civil Procedure[4] for United States district courts, but the rules with respect to entry of judgments in the Municipal Court differ materially from those in the federal practice. Rule 52(a) of the Federal Rules of Civil Procedure provides that in all actions tried by the court, without a jury, the court shall find the facts specially, state separately its conclusions of law thereon "and direct the entry of the appropriate judgment." By rule 58 it is required that "the clerk shall enter judgment forthwith upon receipt by him of the direction." Rule 52(b) provides that upon motion of a party made not later than ten days "after entry of judgment" the "court may amend its findings or make additional findings and may amend the judgment accordingly." Thus, the first formal entry of the district court's decision is that of the judgment itself. Rule 59(a) provides that on a motion for a new trial in an action tried without a jury, the court "may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

■ Under Municipal Court rule 52, judgment is entered on "the fifth day after verdict, or finding by the Court," or if a motion for a new trial or for judgment notwithstanding the verdict has been filed, forthwith upon the ruling of the court on such motion. "Finding" as used in this rule is a general finding or decision of the court, which ripens into a judgment on the fifth day in the absence of a filing of a

[2] Curry v. Stevenson, 58 App.D.C. 162, 26 F.2d 534; Peabody v. Marlboro Implement Co., 63 App.D.C. 288, 72 F.2d 81, certiorari denied 293 U.S. 601, 55 S.Ct. 117, 79 L.Ed. 693; Walsh v. Rosenberg, 65 App.D.C. 157, 81 F.2d 559, certiorari denied 298 U.S. 663, 56 S.Ct. 747, 80 L.Ed. 1388; Forrester v. Jerman, 67 App.D.C. 167, 90 F.2d 412; Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552; Hiscox v. Jackson, 75 U.S.App.D.C. 293, 127 F.2d 160; Senator Cab Co., Inc., v. Rothberg, D.C.Mun.App., 42 A.2d 245.

[3] Code 1940 (Supp.V.), § 11—756(b).

[4] 28 U.S.C.A. following section 723c.

motion. Under Municipal Court rule 48(b) the trial court, sitting without a jury, may, if requested by any party, also make the same kind of special findings of fact and conclusions of law which are mandatory under the federal rules, and when this is done the court directs the entry of the appropriate judgment. Municipal Court rule 48(c) is to the same effect as federal rule 52(b) cited above, and provides that upon motion of a party "made not later than 5 days after entry of judgment, the Court may amend its findings or make additional findings and may amend the judgment accordingly." Rule 52A(c) is to the same effect as rule 59(a) of the Federal Rules of Civil Procedure, quoted above.

Under the federal rule it has been held that the power of the court to amend its findings and judgment does not include the right of reversal so as to result in a judgment for the opposite party. Thus in Brooks Bros. v. Brooks Clothing of Cal., Ltd., D.C.S.D.Cal., 5 F.R.D. 14, 15, the court entered judgment for plaintiff and defendant asked for a modification which would have amounted to a reversal of the judgment. The court refused the request, saying: "For, while the Federal Rules of Civil Procedure give the trial court the right, on a motion for a new trial, to change the findings and judgment and to enter a new judgment, I think they contemplate modification of a judgment in favor of the prevailing party rather than giving judgment, without a retrial, to the losing adversary. Federal Rules of Civil Procedure, Rule 59(a)."

The same ruling was made in Matyas v. Feddish, D.C.M.D.Pa., 4 F.R.D. 385. We have found no federal case to the contrary.[5]

■ We have concluded that for the purposes and under the circumstances involved here, a so-called general "finding" of a Municipal Court judge, formally announced and duly entered, has the same finality as attaches to a federal district court judgment, and hence that the trial court has no power to reverse such a general finding. This conclusion may be subject to an exception when the reversal by the trial judge involves only a question of law. The latter question is not before us and hence we do not decide it. Here, as previously indicated, the questions presented to the trial court were ones of fact or mixed questions of law and fact. Such a general finding of a trial court on a question of fact has often been likened to a verdict of a jury.[6] In a jury case the trial court is without power to reverse the jury on a question of fact and may grant a motion for judgment notwithstanding the verdict only when there is no substantial evidence to support such verdict.

■ ■ Until a trial judge, sitting without a jury, makes a formal decision or finding which is entered in the minutes and docket of the court, we believe that he has complete authority to change or amend any informal or tentative decisions he may have made during the progress of the trial, even to the extent of reversing them. This is true because up to that point the case, as has been said, remains in the bosom of the court. But once the decision becomes a formal one, and is formally entered in the court's records, the situation is totally different, for then it must be assumed that the trial court has weighed all of the evidence, drawn the proper inferences therefrom, and arrived at a proper conclusion.[7] Thereafter if he decides he was wrong in his decision, the proper procedure is to grant a new trial. The logic of our ruling is emphasized by the fact that on appeal the trial court's findings on all questions of fact must be treated as conclusive,

---

[5] See also Columbia River Packers Ass'n, Inc., v. Hinton, D.C.D. Or., 34 F. Supp. 970, reversed on other grounds 9 Cir., 117 F.2d 310, reversed on other grounds 315 U.S. 143, 62 S.Ct. 520, 86 L. L.Ed. 750; Hyman v. Nev-A-Hone Razor Strop Co., Sup., 173 N.Y.S. 56; Ryan v. Brown, 51 Misc. 67, 99 N.Y.S. 868.

[6] Cf. Morris v. Prefabrication Engineering Co., 5 Cir., 160 F.2d 779, 782.

[7] Everett J. Horton & Co., Inc., v. Grinnell, 60 R.I. 457, 199 A. 315; Ashaway Nat. Bank v. Superior Court, 28 R.I. 355, 67 A. 523; see also Corr v. Hoffman, 256 N.Y. 254, 176 N.E. 383; President & Directors of Manhattan Co. v. Erlandsen, Sup., 36 N.Y.S.2d 136, affirmed 266 App.Div. 883, 43 N.Y.S.2d 639; Phillips v. Hooper, 43 Cal.App.2d 467, 111 P.2d 22.

if supported by substantial evidence: It seems obvious to us that no such conclusive character can properly be attached to a finding as to which the trial court itself was in such serious doubt.

Reversed, with instructions to award a new trial.