[Civ. No. 14283. First Dist., Div. One. Aug. 22, 1950.]

M. A. CRACOLICE, Appellant, v. FRED KRAMER et al.,
Respondents.

Joseph J. Polverino and Charles R. Wayland for Appellant.

Gallagher & Madden, Lacey & Thornberry and Garth V. Lacey for Respondents.

BRAY, J.—In an action for damages for personal injury, tried without a jury, judgment was rendered in favor of defendants, from which plaintiff appeals.

## QUESTIONS INVOLVED

The principal question raised is the alleged insufficiency of the evidence to support the court's findings (1) that defendants were not negligent, and (2) that plaintiff was guilty of contributory negligence. Also it is claimed that the findings are contradictory and that the court should have found on the doctrine of last clear chance.

## FACTS

Taking the evidence, and the inferences reasonably deducible therefrom, most strongly in favor of defendants, the facts follow: Defendant Fred Kramer was the owner of a 1937 Studebaker sedan. He was the uncle of defendant Walter Kramer, who had come to the United States from Europe but a short time before. One Sunday it was decided that the uncle and nephew, together with the uncle's wife, Mrs. Helen Kramer, would go for a ride. One of the purposes was to show the nephew the scenery; the other was to work in the brake linings. About two weeks before, the car had developed brake trouble, and had been taken to a service station for repair. After a week the car was returned to Fred. The repair man stated that the "car is just like a new car, the lining isn't fixed, is not broken in, you have to drive the car with speed of a new car, and it might be possible that in using the brake you have to pump it up because I can't adjust the brakes until the lining is settled." Walter, who did not have an operator's license, although he was an experienced driver, drove. They left Fred's home in Paso Robles and drove to King City. Fred sat beside Walter and directed his driving, as Walter was unfamiliar with the road. Just before reaching King City, Mrs. Kramer remarked that there was something wrong, as she felt heat under the seat and thought the car smoked. Fred looked out of the window and saw smoke coming out of the rear wheel. They drove into the Standard Oil station. Plaintiff, who was employed there, came by and Fred told him, "There is something wrong with

my brakes.'' Fred got out of the car and saw smoke coming out, and he could smell it. He asked plaintiff if he could ''fix that.'' Plaintiff told him to drive to the grease rack. Walter drove the car onto the rack. He was unable to stop the car, and it struck plaintiff, who was standing at the center of the rack between it and the rear wall of the greasing compartment, pinning him to the wall, inflicting serious injuries.

Walter Kramer testified that the place where they first noticed smoke coming from the brakes was two or three miles from King City; that when they drove into the service station plaintiff came up and asked him if he wanted gas. Walter's testimony is somewhat confused, probably because of his inaccurate understanding and use of the English language. When it was explained that they did not want gas, but they wanted the brakes checked, plaintiff directed him to the grease rack. This was a hydraulic jack. Plaintiff was standing at the end of the rack and made motions with his hands indicating that Walter was to ''come on.'' The car went very slowly in first gear and did not increase speed. When Walter got on the rack he tried the foot brake; it would not work and he tried to pump. Then he hit plaintiff.

### Was Defendant Walter Kramer* Negligent?

The trial court found that he was not. It is not a question of the weight of the evidence or whether, had we been trying the case in the first instance, we would have found otherwise. For us to upset this finding we must find that there was no substantial evidence to support it and that as a matter of law defendant was negligent. We cannot do so from the evidence. The determination of defendant's negligence or non-negligence rests primarily on whether defendant knew or should have known that the foot brake would not work, and whether under the circumstances he should have used the emergency brake. The evidence shows that defendant had stopped the car twice on the way to King City and that the brakes had worked, although defendant may have had to pump them. Defendant stopped the car when he drove in to the service station. It is not clear whether he pumped in order to do so. There was quite a controversy as to whether he used the emergency brake at that time to stop. He first denied using it; then when confronted with statements in his deposition, he admitted that he used it because the foot brake would not work. It was for the court to reconcile this con-

*Hereinafter referred to as defendant.

tradictory testimony. There was evidence from which the court could, and evidently did, conclude that nothing had happened which would have put a reasonable person on notice, that the brake would not work or that it was unsafe for defendant to drive on to the rack and towards the plaintiff, who was standing at the end of it, beckoning him on. Nor can we say as a matter of law that it was negligence for defendant to try to pump the foot brake rather than grab the emergency brake when he was on the rack and first discovered that the foot brake was not working, nor even that had he then seized the emergency brake the car would have stopped in time to avoid hitting plaintiff.

Plaintiff contends that the damage done to the steel rear wall of the greasing compartment refutes the defendant's testimony that the car was being driven slowly on the rack. A photograph of this wall is in evidence and undoubtedly was considered by the court. It shows a large dent in the wall. However, there is no evidence of how that wall is supported, how thick the steel is (in the photograph it appears to be quite thin), etc. This, like the knowledge which defendant had of the faulty brakes, the failure to apply the emergency brakes and the other circumstances upon which plaintiff relies, were matters to be and undoubtedly were, argued to the trier of the facts, but do not justify us in holding as a matter of law that defendant was negligent.

The great difference between *McMillan* v. *Kik* (1947), 181 Ore. 270 [181 P.2d 128], where the facts of the accident were quite similar to those here, and the present case, is that there the trial court found in plaintiff's favor. On appeal it was held that there was ample evidence to support the finding that defendant was guilty of negligence. So here, had the trial court found in plaintiff's favor, we, under the evidence, would have to hold that such finding was well supported. However, our task now is not to determine the weight of the evidence, but rather whether there is substantial support for the findings which the court actually did make, not which it might have made.

### Contributory Negligence

Evidence was introduced by defendants without objection by plaintiff to the effect that Standard Stations, Inc., plaintiff's employer, had rules to the effect (1) that the employees and not the customer were to drive cars on the grease rack and (2) that when cars were driven thereon the

employee must stand to the side of the rack rather than at the end. The court found that ''plaintiff's injuries were proximately caused by reason of plaintiff's contributory negligence, in that he violated'' the two rules abovementioned. Plaintiff attacks this finding on two grounds: (1) that the finding is inconsistent wtih the court's finding that defendant was not negligent, and (2) that the finding is erroneous as it in effect is a finding that violation of the company's rules constitutes negligence *per se.*

It is not necessary to discuss this finding in view of our holding that the finding that defendant was not negligent is supported by the evidence. As said in *Rath* v. *Bankston,* 101 Cal.App. 274 [281 P. 1081], the finding of contributory negligence becomes immaterial, if the finding of nonnegligence on the part of the defendant is proper.

### LAST CLEAR CHANCE

Plaintiff contends that the court should have made a finding on the doctrine of last clear chance. However, at no time was such a finding ever requested. Moreover, the evidence does not disclose facts which would allow the doctrine to be applied. While it is true that defendant knew that as he drove the car on to the rack plaintiff was in front of him, plaintiff's peril did not arise until defendant started to apply the brakes and found they would not work. The evidence fails to show the distance defendant then was from plaintiff and whether by the use of the emergency brake he could have stopped the car.

*Tucker* v. *United Railroads,* 171 Cal. 702 [154 P. 835], cited by plaintiff, is clearly distinguishable from our case, first because ''The pleadings clearly raised the issue'' of last clear chance (p. 704), and secondly, because there was testimony to the effect that the streetcar which struck and killed the woman in that case could have been stopped within the distance that the motorman first saw her and the point where she was struck. In *Wright* v. *Los Angeles Ry. Corp.,* 14 Cal.2d 168 [93 P.2d 135], also cited by plaintiff, it was held that it was proper for the court to instruct the jury on last clear chance as there was substantial evidence to support the application of that principle. The case of *Wheeler* v. *Buerkle,* 14 Cal.App. 2d 368 [58 P.2d 230], referred to with approval in the Wright case, page 179, answers the contention of plaintiff here: ''Counsel in their briefs argue the doctrine of the last clear chance, but we cannot consider it on this appeal. That doctrine

is one of law and also of fact. If the facts of a case do not bring the doctrine into play the court must so decide and is not required to instruct a jury or to find upon it. If the facts of a case be such that the doctrine may be applied, it is the duty of a trial judge to submit it to a jury by proper instructions or to find upon it in the absence of a jury. In the instant case there are no findings upon it. The question is apparently presented here for the first time. In the absence of appropriate findings we are not required to consider the question here.''

Plaintiff points out that in the court's ''memorandum and decision'' it did not mention the nonnegligence of defendant, but merely stated that it found plaintiff guilty of contributory negligence in that he violated the two company rules. However, as said in *Lord* v. *Katz,* 54 Cal.App.2d 363, 367 [128 P.2d 907] : '' 'And no antecedent expressions of the judge can in anyway restrict his absolute power to declare his final conclusion, in the only manner authorized by law, to wit, by filing his ''decision'' (findings of fact and conclusions of law), provided in sections 632 and 633 of the Code of Civil Procedure. [Citations]' '' (quoting from *Phillips* v. *Hooper,* 43 Cal.App.2d 467, 470 [111 P.2d 22]).

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.