## McKILLEN v. MORRISON.
### No. 1184.

Municipal Court of Appeals for the
District of Columbia.

Submitted March 10, 1952.

Decided April 3, 1952.

Ben Lindas and Joseph H. Schneider, Washington, D. C., for appellant.

William R. Lichtenberg and Joseph Luria, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff's and defendant's automobiles were in a collision with resulting damage to both. Plaintiff sued and defendant counterclaimed. The trial court, sitting without a jury, at the conclusion of the evidence stated that it was a case of contributory negligence and that neither party was entitled to recover. Formal finding to that effect was duly recorded. Three days later defendant filed a motion "to grant a judgment notwithstanding the verdict on the counter-claim," and after argument on the motion the trial court, without introduction of additional evidence, granted the motion, and judgment was entered in defendant's favor on his counterclaim. This appeal challenges the propriety of the action of the trial court in entering judgment contrary to its finding.

Of course, the motion was badly worded. The case was tried by the court and there was no verdict. If the motion was intended to be made under rule 50 of the trial court, similar to F.R.C.P. 50, 28 U.S.C.A., it was inappropriate for several reasons. First, such motion can be made only in a jury case; second, such motion must be preceded by a motion at the close of the evidence and there was no such motion here; and third, such motion raises only a question of law as to the sufficiency

of the evidence and this motion obviously asked the court to reconsider and reverse its finding of fact.

If we disregard the form of the motion and consider it as one asking the court to set aside its finding and enter judgment contrary thereto, we are then faced with the question of the court's power to grant such a motion. This precise question was before us in Rice v. Simmons, D.C.Mun. App., 53 A.2d 587, 590, and upon careful consideration this court, speaking through the late Judge Clagett, said:

"We have concluded that for the purposes and under the circumstances involved here, a so-called general 'finding' of a Municipal Court judge, formally announced and duly entered, has the same finality as attaches to a federal district court judgment, and hence that the trial court has no power to reverse such a general finding. This conclusion may be subject to an exception when the reversal by the trial judge involves only a question of law. The latter question is not before us and hence we do not decide it. Here, as previously indicated, the questions presented to the trial court were ones of fact or mixed questions of law and fact. Such a general finding of a trial court on a question of fact has often been likened to a verdict of a jury. In a jury case the trial court is without power to reverse the jury on a question of fact and may grant a motion for judgment notwithstanding the verdict only when there is no substantial evidence to support such verdict.

"Until a trial judge, sitting without a jury, makes a formal decision or finding which is entered in the minutes and docket of the court, we believe that he has complete authority to change or amend any informal or tentative decisions he may have made during the progress of the trial, even to the extent of reversing them. This is true because up to that point the case, as has been said, remains in the bosom of the court. But once the decision becomes a formal one, and is formally entered in the court's records, the situation is totally different, for then it must be assumed that the trial court has weighed all of the evidence, drawn the proper inferences therefrom, and arrived at a proper conclusion. Thereafter if he decides he was wrong in his decision, the proper procedure is to grant a new trial. The logic of our ruling is emphasized by the fact that on appeal the trial court's findings on all questions of fact must be treated as conclusive, if supported by substantial evidence. It seems obvious to us that no such conclusive character can properly be attached to a finding as to which the trial court itself was in such serious doubt."

We have fully reconsidered the question and find no reason or authority for departing from the rule announced in Rice v. Simmons.

■ The question remains as to what disposition we should make of the case. The trial court possibly could have disregarded the form of the motion and treated it as one for a new trial. Under Municipal Court Rule 59(e) the trial court could have granted a new trial on its own initiative. Since obviously the trial court was of the opinion that its finding was erroneous and the proper method for correcting such error was to grant a new trial, we conclude that proper disposition of this appeal requires ordering a new trial.

Reversed with instructions to grant a new trial.