[Civ. No. 22106.   Second Dist., Div. Three.   Sept. 25, 1957.]

RUTH WILLIAMS, Appellant, v. GLENN GENOWAY,
Respondent.

Lee W. Landrum for Appellant.

Wadsworth & Fraser and E. L. Fraser for Respondent.

WOOD (Parker), Acting P. J.—Action to recover the reasonable value of services rendered by plaintiff as an employee of defendant. In a nonjury trial, judgment was for defendant. Plaintiff appeals from the judgment.

Appellant contends that the evidence was sufficient to entitle her to a judgment against defendant. She argues that the evidence shows that she rendered extra services for defendant, that he agreed to pay for such services, and that she has not been paid. She also states that the testimony is "indicative by a preponderance" that the parties had a special agreement as to extra pay, and that defendant intended to pay for extra time over 40 hours a week. In other words, it seems to be appellant's position that the trial court should have weighed the evidence and determined the credibility of the witnesses in favor of appellant.

It is not a function of an appellate court to consider the relative weight of conflicting evidence, but it is a function of such court to consider the legal sufficiency of the evidence to support the findings. (*Dell* v. *Hjorth,* 51 Cal.App.2d 576, 578 [125 P.2d 505].) Where there is a question on appeal as to the sufficiency of the evidence, the power of the appellate court "begins and ends with a determination as to whether there is *any* substantial evidence to support" the findings. (See *Overton* v. *Vita-Food Corp.,* 94 Cal.App.2d 367, 370 [210 P.2d 757].)

Plaintiff rendered services, as a bookbinder, for defendant from May, 1945, to November, 1952, and during that time defendant paid her a weekly salary. Commencing in 1950, defendant paid her, in addition to her salary, a percentage of the gross income of the business. The total yearly payments

to her, for the respective years from January, 1946, to November, 1952, were as follows: $1,380; $1,920; $2,080; $2,800; $4,728; $5,639.81; $5,670.12.

In April, 1953, this plaintiff commenced another action against the defendant herein, and she alleged therein that she and this defendant were partners in said business. In that action the court found that the parties were not partners. The judgment therein, for defendant, was entered in April, 1954.

The present action was commenced in May, 1954, to recover the difference between the reasonable value of plaintiff's services and the amount she had been paid. In this action plaintiff sought additional compensation for services rendered from January, 1946, to November, 1952. (At the trial plaintiff abandoned her claim for additional compensation for 1951 and 1952.)

Plaintiff testified that in May, 1945, she was engaged in the bookbinding business; at the request of defendant she quit that business and went to work "with" defendant; the principal arrangement, as she understood it, was that she was to work hard and help build the business "for what she would receive in the future"; from 1945 to 1950 she worked about 90 hours a week; in 1950 she worked about 65 hours a week. Plaintiff also testified that during the time from 1946 to 1953 defendant represented to her that she was a partner in the business; that she was working to build the business for herself and the defendant; that defendant could not permit her position as a partner to become known to his wife, by reason of the social relationship of plaintiff and defendant, and therefore plaintiff would have to appear as an employee; and that profits would be divided equally between them, and that her lack of remuneration as an employee "would be made up." Plaintiff testified further that, prior to November, 1952, she did not demand additional compensation, and she did not protest as to the amount she had been paid.

Mrs. Prater, a witness called by plaintiff, testified that in 1945 defendant stated in the presence of the witness and plaintiff "that the business was for both of them [plaintiff and defendant], that they were working together for the aim of building up the business."

Defendant testified that in 1945 he employed plaintiff as a bookbinder at a wage of $25 a week; he never had a conversation with her "to the effect" that they were partners; he did not have a conversation with her at any time to the effect

that she would be compensated in any manner in addition to the wages which she was receiving; in 1945 or 1946, he promised her that, as business grew, he would increase her salary; during the time she worked for him she worked over 40 hours a week, but her time cards showed that she worked 40 hours a week; she never stated to him that she wanted to be paid for overtime; the reasonable weekly wage for a 40-hour week of a bindery worker in a company, similar to his company, was $25 in 1945 and 1946, and was between $40 and $50 in the other years referred to.

The court found as follows: Defendant did not promise to pay plaintiff the reasonable value of her services. Plaintiff and defendant entered into a contract wherein defendant agreed to pay her a stipulated monthly wage, which "wages" were paid in full. The reasonable value of her services was not in excess of the wages paid by defendant to her. Defendant did not represent to plaintiff that she was a partner in the business; that she was working to build a business for plaintiff and defendant; that defendant could not permit plaintiff's position as a partner to become known to defendant's wife and therefore plaintiff would have to appear as an employee; that profits would be divided equally between them.

■ Appellant's argument seems to be that since defendant knew that plaintiff worked over 40 hours a week and knew that the records showed that she worked only 40 hours a week, and since defendant testified as to the reasonable wages for a 40-hour week, it should be inferred therefrom that the compensation she received was for a 40-hour week, and that services rendered by her in excess of 40 hours a week were extra services and that defendant intended to pay for such services. The question as to whether the services rendered by plaintiff were extra services for which she had not been paid, and the question as to whether there was an agreement to pay additional compensation, were questions of fact for the determination of the trial court. The findings of the trial court are supported by substantial evidence.

In view of the above conclusion, it is not necessary to discuss the contentions of defendant that the claim for extra compensation was adjudicated in the prior action, and that the claim is barred by the statute of limitations.

The judgment is affirmed.

Vallée, J., concurred.