## BROWN v LOGAN CLAY PRODUCTS CO

Ohio Appeals, 4th Dist, Hocking Co

Decided July 31, 1929

Messers. Eugene Wright & Edwin D. Ricketts, both of Logan, for Brown.

Messrs. Willis & Jones, Jackson and Messrs. F. E. Weinrich & H. E. Sparon, both of Logan, for Logan Clay Products Co.

MIDDLETON, PJ.

In the presentation of this case it has been assumed that the scintilla rule prevails in Ohio and that if there is any testimony whatever going to sustain the various allegations of the petition that it was the duty of the trial court to submit the case to the jury. This assumption does not seem to be warranted by the latest opinion of the Supreme Court. The rule now seems to be that something more than a scintilla of evidence is required to carry a case to the jury. **Baking Company v. Middleton, 118 OS. 106.**

The record shows that in 1913 when the plaintiff sustained certain injuries while in the defendant's employment the defendant was carrying liability insurance to protect itself against loss thru its liability for injuries to its employees. It appears that the representative of the insurance company called on the plaintiff while the latter was in the hospital and made a settlement with the plaintiff and secured a release from him of any claim he had against his employer and paid him the sum mentioned. It shows that these representatives were accompanied by M. J. Cole, then an employee, now an officer of the defendant, and tends to show that Cole made the plaintiff the promise of life time employment which forms the basis of this action. There is no evidence, however, that Cole was authorized to bind the defendant by making such a contract. Cole was not an officer of the company at that time and even tho he had been an officer no inference would arise that he was empowered to enter into a contract of this character. Such contracts are not essentially unsound, **18 R. C. L. 510,** but the authority of those assuming to make them is not to be lightly implied. See **7 R. C. L. 633** and authorities there cited. Certainly in the instant case there was much less ground for inferring authority in Cole to bind the defendant than there was in drawing a like inference from the facts reported in **Bradford Belting Co. v. Gibson, 68 OS. 442.**

It is argued, however, that the defendant is estopped from denying the authority of Cole to make the contract because the defendant has enjoyed the benefits of

the settlement of which this contract was an essential part, and **Indemnity Co. v. Shovel Co., 112 OS. 136,** is urged in support of this theory. An estoppel of this kind, however, could only arise if the employer had knowledge of the unauthorized contract and accepted the benefits thereof with such knowledge. In the Steam Shovel case the court finds the questioned contract was executed by the secretary of the company and that the company enjoyed the benefits of it and had knowledge of the fact that the contract was in existence and was relied upon. In the case at bar the facts radically differ. In this case the contested contract was not made by an officer of the company nor is the company shown to have had any benefit therefrom. The record shows that the employing company had indemnity against claims for personal injuries sustained in 1913 and the only inference we can draw is that the benefit from the settlement accrued to the indemnifying company and not the employing company. And the company was without knowledge that Brown was claiming any such contract. The only knowledge attributed to it is the knowledge of Cole himself. The argument is that Cole a year after the alleged contract was made became a member of the board of directors and that he carried to the board his knowlededge of the existence of the contract with Brown, and that thereafter by virtue of Cole's knowledge the employing company had knowledge of that contract. It is true that in some states, indeed most states, it is held that previously acquired knowledge by one later becoming an agent is imputed to the principal, but this rule operates only within strictly defined limits.

Editorial note to **Hall & B. W. Machine Co. v. Haley Furniture & Mfg., L. R. A. 1918 B, 936.**

To illustrate this: If a corporation buys a negotiable instrument before due without notice of infirmities the fact that one having knowledge of such infirmities was subsequently elected a director would not affect the innocent character in which the corporation held the obligation. If subsequently, however, it became necessary for the board of directors to pass on the transaction so that new rights might arise it might be presumed that such new action was taken with such knowledge as the new director had. This record does not show any action taken by directors of the defendant company after Cole became a director that in any way called upon Cole to report to them that he had made any such arrangement as that which Brown testifies to, nor does it show any action by the board of directors that either ratified the questioned contract or by prejudicing Brown estopped the corporation from denying such a contract. We repeat, therefore, that neither the benefits nor knowledge were present to work an estoppel.

The authority most nearly approaching the case at bar is **Fisher v. Roper Lumber Co., 183 N. C. 485, 111 S. E. 857,** annotated in **35 A. L. R. 1417.** In that case an estoppel was successfully asserted against an employing company repudiating a claimed contract for life time employment but the evidence showed that it received the benefits of the contract and that it had constructive knowledge that the employee was working under such a contract.

It further appears that some twelve or fourteen years after the time when the alleged contract was claimed to have been made that Cole made certain statements to a third party at a time when he was an officer of the company that tended to admit that the company had made a contract of the kind claimed. This testimony had however, no value as an admission of the employing corporation. There is no evidence that Cole, tho an officer had any authority to make such a contract at the time he made the admissions. It would be strange if one who could not bind a corporation directly by making a contract could do so indirectly by admitting the existence of such a contract. An officer of a corporation acting within the scope of his authority may bind the corporation by admissions which relate to a matter then being negotiated, but he can not bind the corporation generally by pretended admissions relating to past events. **Jones on Evidence, Sec. 980. 1 R. C. L. 510.** Note to **Johnson v. McClain Investment Co., 131 Am. St. 306, 316.** This rule was followed in **Lime Co. v. Smith, 11 C. C. 213,** later reversed, **57 OS. 518,** on grounds not affecting this rule, and was applied in **McMiffer v. Beckman Co., 17 C. C. (n. s.) 32.** In **Still Water Turnpike Co. v. Coover, 25 OS. 558, 566,** the Supreme Court recognizes the the rule in denying the competency of directors to admit corporate liability on a matter upon which they were authorized to negotiate in the absence of evidence that they were authorized to make such admission.

It follows that there was no testimony either slight or substantial to sustain the plaintiff's pleaded contract.

We find no error in the record to the prejudice of the plaintiff in error and the judgment is affirmed.

Mauck, J., concurs. Blosser, J., not sitting.