## UNITED STATES FIDELITY & GUARANTY CO. v. HIGGINS.*

### No. 6071.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1930.

Horace W. B. Smith and P. R. Lund, both of San Francisco, Cal., for appellant.

Reuben G. Hunt, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

September 13, 1927, one Coggins qualified as equity receiver in a suit then pending in the court below, and, upon his qualification, furnished a bond in the sum of $25,000, payable to the United States, with the United States Fidelity & Guaranty Company as surety, conditioned for the faithful performance of his duties as receiver and a faithful accounting for all money coming into his hands. From the date of his appointment to December 20, 1927, the receiver operated the business of the concern for which he was appointed. December 20, 1927, an involuntary petition in bankruptcy was filed in the court below against the defendant in the receivership suit, and an adjudication followed on January 4, 1928. January 28, 1928, one Higgins was appointed trustee in bankruptcy and qualified as such. December 19, 1927, the receiver filed his report in the equity suit, followed by supplemental reports on Febru-

ary 16, March 12, and March 30, 1928. With his first report, the receiver filed an application for compensation, and on the same day his counsel filed a like application. February 16, 1928, the court made an order referring the account, the supplemental accounts and applications for compensation to the referee in bankruptcy, as special master, with authority to make an investigation of the same and take testimony and report his findings and conclusions to the court. February 19, 1929, the special master filed his report, surcharging the account of the receiver in the sum of $12,104.09, which with other items added made a total of $13,354.09. April 8, 1929, the report of the special master was confirmed, and a decree was entered directing the receiver to pay the sum of $13,354.09 to the trustee in bankruptcy within ten days from the date of the order, to be distributed by the trustee in accordance with the orders of the bankruptcy court. The receiver failed to pay as directed, and payment was thereupon made by the surety on his bond. September 30, 1929, the trustee in bankruptcy filed an application to further surcharge the account of the receiver in the sum of $570.05, because of an item omitted, through inadvertence and mistake, from the account as settled and allowed. Upon the filing of the application, the court made an order directing the receiver to show cause why his account should not be surcharged in the additional amount claimed. The receiver made default, and on October 7, 1929, the court made an order further surcharging the account as prayed. The receiver again failed to pay the amount of this additional surcharge, and the trustee filed a petition praying for an order requiring the surety to show cause why it should not pay the same. An order to show cause was issued accordingly, and upon the return the court made a further order directing the surety to pay the additional amount claimed. From this latter order the present appeal was prosecuted.

The decree of April 8, 1929, confirming the report of the special master and settling the account of the receiver, was not a mere interlocutory one, like a decree approving a partial account, or the like. It was final in every sense of the word. It fixed the liability of the receiver finally and definitely, and directed the payment of the amount found due within ten days. And, being a final decree, it was conclusive on the rights of all parties in interest until vacated or set aside. It was not open to the trustee in bankruptcy, therefore, to assert that an item was omitted from the final settlement through inadvertence or

*Rehearing denied August 26, 1930.

mistake, any more than it was open to the receiver to assert that he was overcharged through inadvertence or mistake.

The order is reversed.