## BROOKS BROS. v. BROOKS CLOTHING OF CALIFORNIA, Limited.

### Civil Action No. 3580–Y.

District Court, S. D. California, Central Division.

July 16, 1945.

Beekman Aitken, of New York City, and Frank M. Benedict, of Los Angeles, Cal., for plaintiff.

Harry G. Sadicoff, Pacht, Pelton, Warne, Ross & Bernhard (by Isaac Pacht), and Clore Warne, all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

*Rulings:*

The following matters which, by order entered on June 12, 1945, were ordered sub-

mitted as of June 23, 1945—the final date for the filing of the plaintiff's reply brief to the brief of the defendant tendered in support of its motions—are now decided as follows:

I. The objections of the plaintiff to certain portions of the Findings and Judgment, as ordered by the decision of the Court filed on May 5, 1945, are, and each of them is, overruled. D.C., 60 F.Supp. 442.

II. The objections of the defendant to the Findings and Judgment proposed by the plaintiff are, and each of them is, overruled.

III. The application and motion of the defendant for judgment denying the plaintiff all relief, or, in the alternative, for a modification of the proposed judgment ordered to be prepared by the decision of May 5, 1945, are, and each of them is, denied.

IV. The motions of the defendant:

(a) To entertain and consider the verified application of the defendant to modify the judgment, and to hold appropriate hearing thereon;

(b) To modify the memorandum of decision and opinion of the Court dated and filed on May 5, 1945;

(c) To grant such equitable relief to the defendant which is just and proper in the premises;

(d) To consider the objections to that proposed form of findings and judgment submitted by the plaintiff, and to settle and determine the form of the findings and judgment to be entered herein; and

(e) To fix a date for the hearing of said motions and prescribe the notice thereof to be given to plaintiff;

are, and each of them is, overruled and denied.

V. The Court herewith files its Findings and Judgment herein.

*Comment:*

Ordinarily, the filing of the Court's Findings and Judgment calls for nothing more than the entry of the fact in the register of actions and notification of counsel by the Clerk.

But the nature of the objections filed in this case calls for brief comment.

This case has had the fate of all strongly contested cases in which the judgment of the Court, because it does not grant either side all they ask, satisfies neither. This has brought on the very situation which I sought to avoid—namely, that of having each side attempt, even before the Findings were signed, to change the decision arrived at on May 5, 1945. And the way in which I sought to avoid it was to file not only an elaborate opinion, giving my reasons for the conclusions reached and ordering findings, but to outline, *in a separate decision,* the specific findings I desired to make *on the issuable facts in the case.* This was done by indicating—as to each paragraph of the Complaint and each separate defense pleaded in the Answer—the finding to be made, which I deemed consistent with the views expressed in the opinion.

The method was of no avail. For the plaintiff, while attempting to comply with the directions and submitting proposed findings and judgment, has filed objections to the portions which embody rulings adverse to its contentions.

This is contrary to our practice. For it is assumed that when counsel for the prevailing party, on order of court, prepares findings which are unfavorable to him, he does not waive the right to question them on appeal from the judgment which carries them into effect, if the portion of the judgment based on these findings is separable from the portion favorable to him.

The defendant, in turn, has filed objections, which reach practically every finding, except those which contain narrative facts not in dispute. If allowed, there would be little, if anything, left to sustain the judgment.

At the same time, and consistent with the nature of their objections, the defendant has filed an application for modification of the judgment and motions thereon and has submitted a new brief, a portion of which was prepared by new counsel, Mr. Nims, the author of a standard book on unfair competition. The application, motions and brief seek a judgment in favor of the defendant, or, in the alternative, that a judgment be entered allowing the defendant to use the word "Brooks" in conjunction with the word "California". Thus, the defendant has sought to obtain more than it could obtain by a motion for a new trial—the entry of a totally different judgment, i. e., one in their favor.

For, while the Federal Rules of Civil Procedure give the trial court the right, on a motion for a new trial, to change the findings and judgment and to enter a new

judgment, I think they contemplate modification of a judgment in favor of the prevailing party rather than giving judgment, *without a retrial,* to the losing adversary. Federal Rules of Civil Procedure, rule 59 (a), 28 U.S.C.A. following section 723c. And see: McCraw v. Simpson, 1944, 10 Cir., 141 F.2d 789.

■ Under California practice, the trial judge may enter "another and different judgment". But this can be done only if, on the basis of the findings, a different judgment *consistent with them* could be entered. Only the conclusions of law, but not the findings may be amended. California Civil Code of Procedure, Sec. 663.

It may well be that, in the end, the method here pursued will save time. For, having urged, in advance of the filing of formal findings and judgment, all that could possibly be urged in favor of a new trial, there remains nothing to be said on any motion for a new trial which either party might make. So that the added labor of counsel and of the court now, may avoid further labor and result in an immediate appeal to the higher courts to review the decision, which I am thoroughly convinced is correct.

These facts led to the adoption of the procedure which I have, on some occasions, adopted in the past. Rather than indicate to counsel either in writing or orally, after a conference, the changes which should be made, I have rewritten and recast the findings and judgment in their entirety.

They will reach counsel in the form which I have finally chosen, after considering and assaying all the objections made.

■ An analysis of the Findings and Judgment by counsel will show readily what, if any, changes I have introduced in each paragraph. In some instances, I have eliminated verbiage which I thought was surplusage. Even as rewritten, the findings are longer than we have been accustomed to in the past. But, all findings, at the present time, are, of necessity, such. For the Supreme Court in Schneidermann v. United States, 320 U.S. 118, 129, 63 S.Ct. 1333, 87 L.Ed. 1796, has ruled that findings of ultimate facts—as we were taught by the older authorities—are no longer sufficient.

And following the Schneidermann decision, the Ninth Circuit Court of Appeals sent back to me a similar case (United States v. Bergmann, 1942, 47 F.Supp. 765), in which I had made findings in the language of the allegations of the Complaint and negatived certain defenses in the language of the Answer—the orthodox way which, in California, we have followed for many, many years, both in state and federal practice.

The order of the Circuit Court was that I make the findings conform to the ruling in the Schneidermann case. This I did, by, in effect, epitomizing all the evidence in the case. That this is what the court expected is evidenced by the fact that no question of their sufficiency as to form was raised afterwards. And the appeal was decided on the basis of the facts which I set forth.

I make this observation because were it not for the binding effect of these decisions, I would have "trimmed" some of the proposed findings even more than I did.

These remarks would ordinarily suffice. However, because of the insistence of plaintiff that the finding of laches be eliminated and that they be awarded damages and the insistence of the defendant that the judgment either go their way, or that, at least, it be modified so that they be allowed to use the name "Brooks" in conjunction with the name "California," I desire to state that I have read and studied carefully the new arguments, and given thorough consideration to the views presented in the new brief filed by the defendant in support of their application for modification, and the plaintiff's printed reply to it. The opinion has been reread twice, at least. Once word for word, when I read proof for the official report of the case for Federal Supplement. I am satisfied with the conclusions reached, as I feel they achieve substantial justice. And I find no reason for modifying the judgment as asked by either side.

■ Coming now to certain specific objections. I arrived at the conclusion that laches bar recovery in a trademark registration case chiefly on the basis of the decision of the Ninth Circuit Court of Appeals in Golden West Brewing Co. v. Milonas & Sons, Inc., 9 Cir., 104 F.2d 880. That decision was rendered in 1939. It precedes the decision of the Supreme Court in Mishawaka Rubber & Woolen Co. v. S. S. Kresge Co., 1942, 316 U.S. 203, 62 S.Ct. 1022, 86 L. Ed. 1381, which was not announced until 1942. It is arguable that, because of the broad rule there laid down by the Supreme Court, the ruling of the Ninth Circuit Court of Appeals may no longer be the law, and

that, sales having been shown, I should have put the defendant to its proof. However, it is best that the Circuit Court of Appeals reconcile its own decision with the decision of the Supreme Court, if there is need for such reconciliation. I adhere to the previous ruling on the subject.

The unfair competition phase of the case was decided more on the basis of federal than of California decisions. Authorities such as Professor Chaffee (see, Zechariah Chaffee, Unfair Competition, 33 Harvard Law Review, 1289) seem to think that, in view of the decision of the Supreme Court in Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, state law now governs actions for unfair competition. If this be so, it is possible that the higher courts will hold that the California law would have warranted the granting of broader relief to the plaintiff. But I prefer to allow the judgment to stand without modifying it as urged by either side.

In this connection, the plaintiff is very insistent that I turn into a positive finding the statement in the opinion that the defendant's profits were due to their "aggressive merchandising methods and * * * business acumen." I intended the statement as a tribute to the skill of the defendants, *grounded more on a hunch or inference than on specific proof*. For all I had before me is evidence of success. No one testified as to the cause of it. And I purposely omitted the statement from the corresponding paragraph of the decision. See Decision, p. 3, lines 24 to 29 inclusive. I would order it stricken from the opinion if I thought it conflicted with the decision rendered, or that it could be used to impeach it. It is obvious that it cannot be so used. For the trial judge speaks to the higher court through his findings and judgment and *not through his reasons for them*. Only a desire to disclose to counsel the grounds of decision, in compliance with the admonition of the Canons of Judicial Ethics of the American Bar Association, adopted August 27, 1909, prompts me to undertake the added task of opinion writing. See Canon 19. And see my comments on it in United States v. Food and Grocery Bureau of Southern California, D.C., 1942, 43 F.Supp. 974, 976. I add that, while studying the case and before announcing the decision, I considered the possibility of allowing the use of the name "Brooks" in conjunction with some restrictive words, but I came to the conclusion that such an action would not be warranted by the facts or the law, and would, in effect, grant no relief whatsoever to the plaintiff.