## PHELAN v. MIDDLE STATES OIL CORP. et al.

### No. 128, Docket 22426.

United States Court of Appeals Second Circuit.

Argued March 5, 1953.

Decided April 30, 1953.

Meyer Kraushaar, and Kraushaar & Kraushaar, New York City, for objectants-appellants.

Leslie Kirsch, New York City, Joseph P. Tumulty, Jr., Washington, D. C., of counsel, Joseph P. Tumulty, Washington, D. C., and Joseph Glass, New York City, as receivers of United Oil Producers Corp., pro se, for receivers of United Oil Producers Corp., appellees.

Ralph Montgomery Arkush and Sheppard & Seipp, New York City, for Middle States Petroleum Corp., appellee and cross-appellant.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

PER CURIAM.

A prior order which discharged the receivers was reversed by this court in Phelan v. Middle States Oil Corporation, 2 Cir., 154 F.2d 978. After remand a lengthy trial was had on objections to the receivers' accounting, and the present appeal is from the order entered after such trial. That order contained nine numbered paragraphs which provided in substance as follows:

1. It directed, pursuant to Rule 54(b), Fed.Rules Civ.Proc., 28 U.S.C.A., that final judgment be entered upon the claims determined in paragraphs 2 through 8 but no final judgment be entered upon the claims reserved for further hearing and disposition in paragraph 9.

2. It adjudged that the objectants have failed to establish any right to surcharge against the receivers of United Oil Producers Corporation or recovery against Middle States Petroleum Corporation in favor of the estate of United Oil Producers Corporation or any of those claiming through said estate.

3. It denied all motions for surcharge on the final report and final accounting of the receivers of United Oil Producers Corporation "and said final report and final accounting are judicially approved and settled."

4. It discharged Joseph P. Tumulty as a receiver of said United Oil Producers Corporation.

5. This paragraph reads: "The motion for discharge of Joseph Glass, as a Receiver of United Oil Producers Corporation, is denied without prejudice to renewal thereof on determination of the other final accountings of all the receiverships in this cause, after presentation to the Court for decision on notice to the Objectants and to all other non-depositing stockholders and creditors, of all the unresolved controversies referred to in paragraph 9 below, or existing between any of the receiverships in this cause or between any of such receiverships and Middle States Petroleum Corporation."

6. It dismissed on the merits objectants' general charges of fraud and conspiracy.

7. It dismissed on the merits objectants' specific claims of fraud and conspiracy listed in said paragraph.

8. It dismissed the cross-claim of Middle States Petroleum Corporation against the executors of William W. Cohen, deceased "on the ground that it is barred by the applicable New York statute of limitations."

9. It reserved for further hearing and disposition eight matters listed in said paragraph.

Although the parties did not raise the question of the appealability of the order this court is constrained to do so. The discharge of Tumulty as receiver (paragraph 4) and the dismissal of Middle States' cross-claim (paragraph 8) are a final disposition of those matters. But obviously issues raised by the objectants with respect to the discharge of Joseph Glass as receiver have not been finally determined. Whether the further hearing on the matters reserved results in surcharge or discharge of him as a receiver of United Oil, the losing party may then appeal from that order. In a case so complicated as this it would be extraordinarily wasteful of judicial effort, on the part of both court and counsel, to decide on the present appeal the issues with respect to paragraphs 4 and 8, and then on a later appeal have to traverse the same ground again with respect to Glass as receiver. We are unwilling to do so.

It may be avoided in either of two ways. One way is to adjourn the present appeal until the District Court shall have completed hearings on the matters reserved and, if an appeal is then taken, it can be consolidated with the present appeal. The second method is for the appellants to stipulate that the decree shall be considered to be modified so as to add to paragraph 4 the name of Joseph Glass as receiver, and to delete paragraphs 5 and 9. If the parties so desire, they may file such a stip-

838

ulation with the Clerk of this Court within 15 days. Otherwise the appeal will be continued to await final disposition of the matters reserved by the District Court for further hearing.