**PHELAN**

v.

**MIDDLE STATES OIL CORP. et al.**
**No. 128, Docket 22426.**

United States Court of Appeals,
Second Circuit.

Argued March 5, 1953 and Oct. 28, 1953.

Decided Jan. 15, 1954.

On Petition for Rehearing Feb. 8, 1954.

Joseph P. Tumulty, Washington, D. C., and Joseph Glass, New York City, as receivers of United Oil Producers Corp., pro se., appellees, Leslie Kirsch, New York City, and Joseph P. Tumulty, Jr., Washington, D. C., of counsel.

Sheppard & Seipp, New York City, for Middle States Petroleum Corp., appellee and cross-appellant, Ralph Montgomery Arkush, New York City, of counsel.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

In Phelan v. Middle States Oil Corporation, 2 Cir., 154 F.2d 978 this court reversed an order settling the accounts and discharging the receivers of United Oil Producers Corporation, and remanded the cause for further proceedings. Upon remand a lengthy trial was had before Judge Smith, sitting in the Southern District of New York. The great number of detailed findings of fact and the length of his memorandum opinion show the extraordinary thoroughness and ability with which he dealt with a most complex situation. The judgment directed is now before us on the appeal taken by objectants to the final report and account of the receivers of United Oil Producers Corporation, and the cross-appeal of Middle States Petroleum Corporation. The judgment contains nine separately numbered paragraphs. A summary of each paragraph is set out in Phelan v. Middle States Oil Corporation, 2 Cir., 203 F.2d 836, and need not be repeated here. In that opinion we held certain parts of the judgment not to be presently appealable, and suggested the possibility of curing the defect by stipulation. Thereafter, by stipulation the parties modified the judgment in the respects suggested.[1] However, subsequent study of the case caused doubt to arise in the

Kraushaar & Kraushaar, New York City, for objectants-appellants, Meyer Kraushaar, New York City, of counsel.

[1.] The stipulation reads as follows:

"It is hereby stipulated and agreed by and between the undersigned hereunto duly authorized:

"1. That the decree shall be considered to be modified so as to add to paragraph 4 thereof the name of Joseph Glass as a receiver of United Oil Producers Corporation and to delete paragraphs 5 and 9 of the decree.

"2. Objectants-appellants waive any objection and the right to make any ob-

mind of the court as to the effectiveness of the stipulation. Further argument regarding appellate jurisdiction of the objectants' appeal was had on October 28, 1953.[2]

■ The parties urge that the judgment is appealable regardless of the amendment of paragraph 4 and the deletion of paragraphs 5 and 9 made by the stipulation. They say that the validity of the stipulation need not be decided. Their argument is that by virtue of paragraph 3, which overruled all motions to surcharge the receivers of United and approved their final report and accounting, and paragraph 4, which discharged Tumulty, the denial in paragraph 5 of a discharge to Glass without prejudice to renewal of his motion "on determination of the other final accountings of all the receiverships in this cause" was merely a postponement of his discharge, which will be granted as a matter of course, if,

on the present appeal, this court affirms paragraph 3, because all of the issues reserved by paragraph 9 are irrelevant to United and its receivers. We think this argument confuses the correctness of the judgment with its finality. It may be that none of the questions reserved in paragraph 9 can affect Glass' liability as receiver of United and that final settlement of his accounts in the other receiverships will also have no effect upon it, and consequently Judge Smith erred in conditioning his discharge on determination "of all the unresolved controversies" reserved in paragraph 9, "or existing between any of the receiverships in this cause or between any such receiverships and Middle States Petroleum Corporation." But obviously paragraph 5 did so condition it; and that such was the intention of Judge Smith is plainly apparent not only from his opinion but also from his 4th conclusion of law.[3] In three specific instances the opinion de-

jection to said decree upon the ground that, as so modified, it provides for the discharge of Joseph Glass as a receiver of United Oil Producers Corporation without requiring the prior determination of the final accountings in the receiverships of other corporations in this cause, and upon the ground that, as so modified, said decree is inconsistent with certain of the findings of fact, conclusions of law or opinion of the District Court. "3. Nothing herein contained shall be deemed to be an acquiescence by objectants-appellants in the discharge of said receiver of United Oil Producers Corporation."

2. The order of July 22, 1953 (unreported) calling for such argument reads as follows:
"In our former opinion, 203 F.2d 836, we held that consideration of the appeal would have to be postponed until the District Court should decide the questions reserved unless the parties stipulated to modify the judgment in certain respects. Their stipulation was thereafter filed. In effect the stipulation would seem to be a dismissal or compromise of some of the issues reserved by Judge Smith for future decision. As the objectants have filed objections to the accounting of the receivers not only for themselves but also on behalf of all persons similarly situated, doubt has

arisen as to the power of the objectants to bind by stipulation the other members of the class in view of Rule 23(c) F.R.C.P. or under the general law if that rule is inapplicable. Also, further study of the record has left the court in doubt as to the feasibility of passing on the judgment until some of the numerous reserved issues shall be decided. The court desires counsel to advise it as to which of the issues reserved in Paragraph 9 of the judgment are relevant to the present appeal; as for example, what are the issues covered by subdivisions (d) and (e) of that paragraph. A convenient time in October 1953 may be arranged with the Clerk of the Court for discussion with the Court of the above mentioned matters."

3. "4. The Court should not grant final discharge of Glass the receiver of one of some 39 corporations in receivership in this action where the same receivers have acted in all the receiverships, where the receiverships have been treated for many purposes as a unit, while unresolved controversies exist between some of the receiverships and a corporation, formed under a plan of reorganization of some of the corporations in receivership, in which the receiver Glass is substantially interested and of which he is the executive head."

clares expressly that Glass should not be discharged until the controversy under discussion is decided.[4] There can be no doubt that the court meant to hold open the discharge of Glass against the chance that something might be developed in the other receiverships that would require his discharge as a receiver of United to be conditioned upon a condition not yet decided. Whether it was right or wrong for Judge Smith to say that the event in the other accountings could have any effect upon Glass' discharge in the United accounting, that is exactly what he did say most clearly. The "finality" of a judgment does not depend on whether it is right but on whether it disposes of all the issues; it is as little "final" when it should have done so, as when it should not. We do not hold that it should have done so in the case at bar, but merely that it did not. Hence the order was not final in respect to the liability of Glass, and the appeal as to him can be sustained only if the attempt by stipulation to make it final is effective.

The next question is as to the applicability of Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[5] If this rule is applicable, the stipulation requires the approval of the district court. The parties have argued that Rule 66 takes the case out of Rule 23 (c).[6] We do not so interpret it. Rule 66 was amended, effective in October 1949, so as to omit from the second sentence the words: " * * * but all appeals in receivership proceedings are subject to

these rules," and to substitute the words: "In all other respects the action in which the appointment of a receiver is sought or which is brought by or against a receiver is governed by these rules." The "other respects" are those that do not concern "The practice in the administration of estates by receivers". It is not impossible to consider a receiver's final accounting and discharge as part of the administration of his estate; but that seems to us a strained and improper construction. In our opinion "administration" means the receiver's dealings with the property, and the "practice" in such administration refers to orders he must get to allow him to dispose of the property, to spend money to protect it, to distribute it among the creditors or lienors, and the like. In short, the "practice" means the procedure by which he gets the power to do those things which an owner of the property would have without court authorization. It is only after he has "administered" the "estate" and wishes to get immunity from personal liability that he files his final accounting and brings the parties into court to assert any claims they may make against him personally on account of his administration. We doubt whether even his application for an allowance is a part of his administration, although it does determine how a part of the assets shall be distributed; but however that may be, and assuming that the former practice should apply to a receiver's application for an allowance, it is a separate ques-

---

4. See Folios 436, 446, 489 of Appendix to Objectants-Appellants' Brief.

5. "Rule 23. Class Actions
　　*　*　*　*　*　*
　"(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraphs (2) or (3) of subdivision (a) notice shall be given only if the court requires it."

6. "Rule 66. Receivers Appointed by Federal Courts
　　An action wherein a receiver has been appointed shall not be dismissed except by order of the court. The practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district courts. In all other respects the action in which the appointment of a receiver is sought or which is brought by or against a receiver is governed by these rules."

tion from deciding whether there are outstanding claims against him personally.

■ Moreover, if we look to the purpose of Rule 66 no reason is apparent for treating a receiver differently from other fiduciaries. If the Federal Rules of Civil Procedure govern the accounting of a trustee or an agent, we see nothing in the accounting of a receiver to require resort to a different procedure. If one of several beneficiaries having common rights who excepts to their trustees' accounting, may not dismiss his claim without the court's approval, we submit that it would be absurd to hold that an objector to a receiver's accounting should be allowed to do so. There is no necessity for observing local rules in such a case.

■ There remains the question whether Rule 23(c) applies to the situation before us. Does the stipulation "dismiss" an action? Plainly it does not "compromise" one. It does not dismiss the whole action, but it does dismiss any claims that may arise in the other receiverships and with which, under Judge Smith's ruling, Glass might be charged in his accounting in the United receivership. Every reason for preventing the claimant in an action under Rule 23(a) (3) from dismissing the whole action seems to us to be equally cogent against his dismissing any of the constituent items of which the claim may be made up. It is true that a plaintiff must be allowed to manage his action as he wishes; but managing it is one thing, and surrendering it is another. Suppose an action where one of several beneficiaries of a trust, suing on behalf of all, charges the trustee with a number of derelictions; why must he not get the court's approval before he can be allowed to dismiss any one of the charges? We think he must. Therefore the stipulation is not effective to make the judgment final as to Glass' liability and before we can get jurisdiction as to this the judgment must be amended with the approval of the district court.

It is urged that assuming arguendo that the stipulation is ineffectual, paragraphs 2, 3, 6 and 7, which overrule objections to the receivers' account and judicially approve and settle it and deny recovery against Middle States Petroleum Corporation, are appealable both as against the receivers and as against Petroleum without regard to the stipulation which, in any event, does not touch those paragraphs of the judgment. In support of the argument counsel cite United States Fidelity & Guaranty Co. v. Higgins, 9 Cir., 41 F.2d 739 and Crites, Inc., v. Prudential Ins. Co., 6 Cir., 134 F.2d 925, 929, reversed 322 U.S. 408, 64 S.Ct. 1075, 88 L.Ed. 1356. The first holds that a decree settling the account of an equity receiver and directing him to pay the amount found due is a "final" decree and conclusive on the rights of all the parties in interest, so that the trustee in bankruptcy of the defendant in the equity suit cannot afterwards surcharge the receiver with an item asserted to have been omitted from the account through inadvertence. In the Crites case, without discussion of appealability, the sixth circuit entertained an appeal from an order overruling objections to and approving a receivers' first and amended first accounts, and directing the receivers to file their final account covering the period subsequent to that covered by the approved accounts. Both cases are inapposite. In neither was a receiver denied a discharge until the court should determine issues reserved.

The judgment as it stands is final as to Tumulty but for reasons stated in our former opinion we are unwilling to decide his case apart from that of Glass. So far as the judgment is final in denying recovery against Middle States Petroleum, to review that part of the judgment before the parts which affect the receivers can be reviewed would be wasteful judicial administration. We think they should be reviewed at the same time. The judgment dismissing the counterclaim of Middle States Petroleum Corporation is also final, and the

issues presented by the counterclaim are sufficiently distinct from the other issues to permit review of this part of the judgment at the present time. Though we must dismiss the objectants' appeal as to the liability of Glass, we will make the result as little onerous as possible. The parties may go before Judge Smith, if they so desire, and ask him to amend the judgment in accordance with their stipulation. If he approves, giving such notice to other members of the class as he thinks necessary, an appeal may be taken from the amended judgment, and the record will consist of the present record remaining on file in the court together with whatever further proceedings have taken place before Judge Smith. It would seem that the briefs now on file, supplemented if necessary by short additional briefs, would serve for the new appeal, and possibly the case could be decided without further argument if the parties so wish. Such details can be determined later.

The cross-appellant's counterclaim alleges that Cohen obtained $17,207.99 from Middle States Petroleum Corporation by fraud. The allegations were that on January 11, 1935 he presented United bonds of the face value of $32,000 for payment of the distributive value thereof, thereby representing that he was the owner of all of said bonds, whereas in fact $24,700 of them were owned by Reliable Securities Corporation; that relying on Cohen's representation of ownership Petroleum paid the depositary, who in turn paid Cohen, the distributive value of the $24,700 owned by Reliable; and that the fact of Reliable's ownership was not discovered by Petroleum until a few days before the trial of the present accounting. Cohen's executors pleaded to the cross-claim a general denial and New York statutes of limitations. On April 18, 1951 Judge Smith directed judgment for the cross-claimant. The objectants moved for a rehearing, which was granted, upon the affidavits, exhibits and arguments submitted, without taking evidence orally in open court. On July 25, 1951 Judge Smith modified his prior opinion, findings of fact and conclusions of law, and dismissed the counterclaim on the ground that it is barred by the applicable New York statute of limitations.

██ Assuming for the moment that fraud by Cohen in cashing the bonds as his own was proven, or might have been proven on the rehearing had evidence been taken in open court, we shall first consider the court's ruling as to the statute of limitations. The question is whether when Petroleum cashed the bonds, that is, paid their liquidating value, in 1935, it had notice or ought to have had notice that the bonds did not belong to Cohen. The objectants, as we understand their argument, do not contend that Petroleum had any actual notice of Cohen's title beyond what may be inferred from his possession of them. Their argument rests on the claim that Petroleum is chargeable with such information as its president Glass had, and that Glass learned or should have learned of the fraud, if fraud there was, while he was receiver of Middle States Oil and its numerous subsidiary and affiliated corporations, and more than six years before the cross-claim was filed in 1948. In his memorandum opinion, after referring to evidence relating to the Reliable account, Judge Smith said:

"We may conclude that Glass had at hand sufficient information to put him on inquiry as to the status of Reliable's account with Cohen. See Higgins v. Crouse, 1895, 147 N.Y. 411 [42 N.E. 6]. And since M. S. P. is bound by the knowledge which was within the reach of Glass, it cannot now be heard to assert that it was unaware until shortly before the trial on the United accounting of the alleged fraud in Cohen's implied representation that he was the owner of the U. O. P. bonds."

In supposing that the law of New York imputes to the principal the agent's knowledge under all circumstances the learned judge was in error. The rule is much more limited. A principal is not charged with his agent's knowledge

obtained before he became an agent (or before he acted in the transaction), unless the information was in the agent's mind when he acted for the principal on the occasion under scrutiny. This rule taken over from English cases, was announced by Mr. Justice Bradley for the Supreme Court in the Distilled Spirits Case, 11 Wall. 356, 20 L.Ed. 167. It has been accepted without question by the Court of Appeals of New York in Title Guarantee & Trust Co. v. Pam, 232 N.Y. 441, 457, 134 N.E. 525 which cites not only the Distilled Spirits Case but also numerous New York decisions. Consequently we do not see how the statute could have run against Petroleum's cross-claim unless in 1935 when Cohen cashed the bonds, Glass had in mind the information which ought to have advised him of the infirmity in Cohen's title. Although Glass was then president of Petroleum, there is not the slightest reason to suppose, if he took any part in cashing the bonds, he then had in mind this information; indeed, there is no evidence that he took any part whatever in cashing the bonds, which was in any event only a part of the execution of the decree in the United receivership declaring what was the distributive value of its bonds.

■ The above discussion of the statute of limitations has proceeded upon the assumption that Cohen perpetrated a fraud. If the cross-claimant failed in a properly conducted trial to prove the fraud, dismissal of the cross-claim should be affirmed on that ground regardless of error in sustaining the defense of the statute of limitations. In finding 271(a) the court found that by presenting the bonds for payment of their liquidating value "Cohen thereby represented, as to all said 32,200 of United bonds, that he was a person intended to be benefited by the decrees and entitled to such payment under the decrees" and "M. S. P., relying on said representations, made the payment received by Cohen." But in its memorandum opinion the court said (fol. 515), " * * * we cannot say that M. S. P. has borne the burden of establishing Cohen's bad faith in the presentation of the bonds." This conclusion was reached on the motion for rehearing which was decided upon affidavits, exhibits and arguments without taking evidence in open court. The cross-claimant objects to this procedure. He contends that Rule 43(a) of the Federal Rules of Civil Procedure requires that "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules * * *"; and that Rule 59(a) (2) which authorizes the court to change the findings and judgment and to enter a new judgment, contemplates modification of a judgment in favor of the prevailing party rather than giving judgment, without a re-trial, to the losing adversary.[7] Where the motion raises only a question of law, we have no doubt that Rule 59(a) (2) permits a court to reverse completely its prior judgment and give judgment for the other party, if the evidence taken at the trial justifies it. But where new facts are presented in support of the motion for a rehearing, we think that normally at least there should be a trial of those facts before a judgment based on them is entered in favor of the movant. In the case at bar counsel for the movant stated by affidavit that he had in his possession "a file containing, among other material," documents which he submitted as exhibits in support of the motion for rehearing. Similarly Mr. Matts selected from "a pile of old records" exhibits which he thought "pertinent." Conceivably, had a new trial been granted as to the issues raised by the cross-claim, the cross-claimant might have been able to require the production of all the records in the possession of these affiants and might have discovered other documents more favorable to its case than those picked out by them. Upon the original trial the court had sustained the cross-claim; the new

---

7. See Brooks Bros. v. Brooks Clothing of California, D.C.S.D.Cal., 5 F.R.D. 14, 15–16.

evidence submitted by affidavit caused the court to change its judgment. Proof of Cohen's fraudulent intent, particularly after his death, was difficult to make at best. We think the cross-claimant is entitled to have the evidence which produced a change in the judgment tested by trial in open court. We are not certain that the cross-appellant desires a new trial. Despite its argument that "the decision should not have been reversed without at least a partial new trial," the final point of its brief is that "A new trial of the cross-claim is not required." For reasons already stated we think the cross-claimant is entitled to a new trial if it desires one. In view of this conclusion we refrain from expressing an opinion as to the sufficiency or insufficiency of the evidence taken at the trial to sustain the charge of fraud perpetrated by Cohen on the cross-claimant.

Accordingly the objectants' appeal in so far as it relates to Glass is dismissed; dismissal of the cross-claim of Middle States Petroleum is reversed and the cause remanded for further proceedings in conformity with the foregoing opinion; and in all other respects the appeal is continued for further hearing upon the record now on file and such supplemental record of further proceedings, if any, in the District Court as may hereafter be filed.

On Petition for Rehearing.

PER CURIAM.

The petitioners have convinced us that our opinion was in error in stating: " * * * indeed, there is no evidence that he [Glass] took any part whatever in cashing the bonds, which was in any event only a part of the execution of the decree in the United receivership declaring what was the distributive value of its bonds." This statement is withdrawn.

We adhere to our ruling as to reversal and remand on the cross-claimant's appeal but wish to make it plain that on the retrial both the issue of fraud and the defense of the statute of limitations will be open. Either party may add to his case not only on the fraud issue but also on whether at the time when Glass provided funds with which to pay the distributive value of the bonds he had in mind any information which required him to examine into Cohen's ownership of them. On the latter issue nothing said in our former opinion is to be construed as holding contrary to the petitioners' contention that the burden of proof is upon the cross-claimant.

Costs on the cross-claimant's appeal are awarded to the cross-claimant. The respective claims as to amount of such costs may be submitted to the Clerk of the Court.