DAVENPORT ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* CORRECT MANUFACTURING CORP.; E.H.J. SKYWORKER SERVICES, INC., APPELLEE AND CROSS-APPELLANT, ET AL.

[Cite as Davenport *v.* Correct Mfg. Corp. (1986), 24 Ohio St. 3d 131.]

(No. 85-466—Decided June 25, 1986.)

*Michael Garth Moore,* for appellants and cross-appellees.

*Fred R. Wickham, Anthony M. Heald* and *David Gordon,* for appellee and cross-appellant.

*Per Curiam.* Because a number of disputed questions of material fact remain, we hold that the trial court improperly granted Skyworker's motion for summary judgment. See Civ. R. 56(C). These factual questions include: (1) whether the alleged defect was sufficiently patent to impose a duty upon Skyworker to warn Fisher of the danger, see *State Auto. Mut. Ins. Co.* v. *Chrysler Corp.* (1973), 36 Ohio St. 2d 151, 157 [65 O.O.2d 374]; *Landon* v. *Lee Motors, Inc.* (1954), 161 Ohio St. 82, 101 [53 O.O. 25]; (2) whether the co-owners of Skyworker in fact knew of the danger and therefore had a duty to warn Fisher; and (3) whether any such knowledge was obtained after Skyworker was incorporated and could therefore be imputed to the corporation. See *Brown* v. *Logan Clay Products Co.* (App. 1929), 7 Ohio Law Abs. 515; *Alt* v. *Weber* (Superior Ct. 1888), 10 Ohio Dec. Rep. 371. Appellant has raised sufficient questions of material fact to require resolution by the finders of fact.

In addition, resolution of a number of other disputed facts will be relevant to Skyworker's defense concerning Fisher's negligence. Such questions include: (1) whether Fisher regularly had the skyworker serviced; (2) whether Fisher had been warned by Van Dyke of the degree of wear and advised to replace the rod-end assembly, but Fisher had refused to authorize such work, see *Hendrix* v. *Eighth and Walnut Corp.* (1982), 1 Ohio St. 3d 205; and (3) whether the machine had been used properly by Davenport or other of Fisher's employees.

We affirm the judgment of the court of appeals and remand the cause for further proceedings in the trial court.

*Judgment affirmed*
*and cause remanded.*

SWEENEY, LOCHER, C. BROWN and WRIGHT, JJ., concur.

SWEENEY, C. BROWN and WRIGHT, JJ., concur in part and dissent in part.

HOLMES and DOUGLAS, JJ., dissent with opinion.

CELEBREZZE, C.J., dissents.

WRIGHT, J., concurring in part and dissenting in part. I agree with the majority that sufficient questions of material fact exist for Davenport to withstand a motion for summary judgment. I believe, however, that this court should go one step further and lay to rest the Ohio rule that prohibits courts from imputing to a corporation the knowledge of a corporate agent which was acquired before that agent was employed by the corporation.

The general rule is that relevant knowledge is imputed to the corporation or principal in such a situation. See Restatement of the Law 2d, Agency (1958) 602, Section 276. The time when the knowledge is acquired should be relevant only to draw the appropriate inference as to the existence of knowledge. If the knowledge was acquired either before the agency relationship existed or while the agent was not acting for the purposes of the principal and the agent has forgotten the knowledge, the principal would not be held liable because the agent had no duty to the principal to remember it. *Id.* at 603-604, Comment *b.* Likewise, the knowledge would not be imputed to the principal if the agent acquired it while acting in a position of confidentiality. See *The Distilled Spirits* (1871), 78 U.S. 356. Knowledge would be imputed only if it can reasonably be said to be present in the agent's mind while he was acting for the principal or if it was acquired so recently as to raise the presumption that he still retained it in his mind. See *id.; Phelan v. Middle States Oil Corp.* (C.A. 2, 1954), 210 F. 2d 360; *McSweeney v. Prudential Ins. Co. of America* (C.A. 4, 1942), 128 F. 2d 660, 665.

This general rule makes much more sense than the so-called Ohio rule. See *Brown v. Logan Clay Products Co.* (App. 1929), 7 Ohio Law Abs. 515; *Alt v. Weber* (Superior Ct. 1888), 10 Ohio Dec. Rep. 371. In fact, the Ohio rule is not absolute. In *Brown,* the court noted that when action relating to the agent's previously acquired knowledge is taken by the principal *after* the agent became associated with the principal it may be inferred that the action was taken with such knowledge as the agent previously had. Herbert A. Van Dyke's post-incorporation actions in servicing Fisher's skyworker would permit an inference that he was acting with previously acquired knowledge about such units.

A person often is employed by a corporation because of his specialized knowledge, obtained through either educational training or job experience. It is illogical to hold that the person does not have this knowledge for purposes of corporate liability. This court should overrule the court of appeals to the extent that it held that any knowledge acquired by Van Dyke before the incorporation of Skyworker could not be imputed to the corporation for purposes of this case. On remand, Davenport should be required to establish that it would be reasonable to infer that Van Dyke knew of the dangerous condition of the rod-end assembly in the Fisher skyworker.

SWEENEY and C. BROWN, JJ., concur in the foregoing opinion.

DOUGLAS, J., dissenting. I respectfully dissent. I have reviewed the record in its entirety and find, as did the trial court, that when the matter was presented to the trial court for decision, there existed no genuine issue as to any material fact and the granting of summary judgment in favor of appellee and cross-appellant was proper. In addition, I would specifically find that (1) knowledge acquired by an individual who *subsequently* becomes either a principal or an agent of a corporation, will not be imputed to that corporation for purposes of inferring that the corporation was negligent in some respect for not using knowledge that it might have, should have or could have known from such individual, and (2) that a repairman who contracts to revise or repair equipment of another is under no duty to discover defects in or damages to the equipment that the repairman does not specifically undertake to discover or correct, unless the repair contract is one which is general in nature and/or the defect or damage is such that it is readily ascertainable and a failure to warn would place the owner of such equipment in imminent danger.

In the case before us, the appellee and cross-appellant corporation had no real way of knowing information that one of its principals or agents possessed before that person became associated with the corporation. Likewise, the contract for repair in this case was not one for a general inspection or general overhaul of the equipment in question. The requested repair was specific and the subsequent injury to appellant was caused by the failure of part of the equipment which was not included in the repair agreement between the parties.

Thus, there was no genuine issue of material fact and the trial court was right in granting summary judgment. I would find the cross-appeal well-taken, reverse the court of appeals on the issue raised by the cross-appeal, and reinstate the decision of the trial court.

HOLMES, J., concurs in the foregoing dissenting opinion.